**UPJOHN COMPANY, Plaintiff,**

v.

**LIBERTY DRUG CO., Inc., Defendant.**

United States District Court
S. D. New York.

May 11, 1959.

On Motion to Reargue June 18, 1959.

Rogers, Hoge & Hills, New York City, George M. Chapman, John A. Keeffe, New York City, of counsel, for plaintiff.

Friedman, Lipsig, Bernstein & Friedman, New York City, David Kaplan, New York City, of counsel, for defendant.

LEVET, District Judge.

This is a motion for a preliminary injunction to enjoin the defendant from ad-

vertising, offering for sale or selling at retail merchandise bearing plaintiff's trademarks or brand names for prices less than those stipulated in plaintiff's fair trade contracts in effect with certain retailers in the State of New York.

The plaintiff is a manufacturer of ethical pharmaceuticals and other drug products, all of which bear the trademark, "Upjohn," together with individual product marks, including "Unicaps," "Zymacaps," "Zymadrops," "Kaopectate," "Cheracol" and "Cebenase."

The defendant is a retail drug store located at 126 Liberty Street, New York City. Though it has purchased substantial quantities of plaintiff's products in the past and is apparently continuing to do so, it has not signed a fair trade contract with the plaintiff.

In support of its motion, plaintiff alleges:

1. That for many years it has been engaged in an extensive advertising program, promoting its products to physicians, pharmacists and indirectly to ultimate consumers, as a result of which plaintiff has developed a vast good will.

2. That in the course of plaintiff's development and maintenance of its good will and system of distribution, it has established, wherever permitted by law, a fair trade structure under which uniform prices have been established for its products.

3. That such a fair trade structure was first established in the State of New York subsequent to the enactment of the New York Fair Trade Act in 1937.

4. That in order to assure itself that retailers are complying with its established resale prices, plaintiff investigates every infraction reported to or discovered by it and explains its fair trade program to retailers accused of violations thereof.

5. That plaintiff has an established policy of sending warning letters to retailers who persist in violations and of bringing suit where the retailers, after such warning, still refuse to stop their illegal conduct.

6. That in furtherance of its policy of enforcing its established minimum prices, plaintiff, in the past two years, has shopped every retailer in the Boroughs of Manhattan and Brooklyn who carried its products and that extensive investigations have also been conducted in the Bronx, Queens and Nassau Counties.

7. That more than thirty suits have been filed against retailers who have persisted in their unlawful price cutting and more than twenty permanent injunctions have been obtained.

8. That a warning against price violations was sent to the defendant on August 6, 1958, to no avail, and on November 19, 1958, action was commenced against the defendant seeking to enjoin its price cutting on plaintiff's products; however, defendant's price cutting is continuing.

9. That the defendant is a large retail drug establishment servicing the Wall Street area and employing at least thirty full-time employees; that its customers come from all over the City of New York and from the outlying suburban counties in both New York State and New Jersey, and consequently the defendant is competing with local retail druggists throughout the city and the surrounding suburban communities.

10. That the defendant's continued price cutting threatens to undermine plaintiff's fair trade price structure and is causing immediate and irreparable harm both to the good will and business of the plaintiff and to the good will and business of retailers who sell plaintiff's products at the fair trade price.

Defendant, in opposition to this motion, asserts that the plaintiff, by its own indifferent conduct, has encouraged and acquiesced in the wide-spread selling of its products at a competitive price; that plaintiff has neglected to take steps to prevent wide-spread price cutting of its products, and that as a result there has been a general collapse of plaintiff's fair trade price structure. In support of this contention, defendant has submitted affi-

davits indicating twelve instances of sales of plaintiff's products below the fair trade price by retail druggists in Manhattan, Brooklyn and The Bronx. Eight of the sales took place in Manhattan; three in Brooklyn and one in The Bronx; five occurred in April 1959, five in February 1959 and two in January 1959.

The defendant further asserts that plaintiff has suffered no irreparable harm to its good will; that it has sold plaintiff's products below the fair trade price out of compelling economic necessity in order to meet the prevailing price of competitors; and that the granting of a preliminary injunction would cast a stigma on defendant's business reputation and give the plaintiff all of the relief to which it would be entitled only after prevailing at a trial of the disputed issues in this case.

■ As another basis for the denial of the relief here sought, the defendant contends that plaintiff is precluded from enforcing its fair trade price structure by reason of its sale at wholesale to the dispensaries of various industrial and public utility corporations. It appears that each of the dispensaries in question employs a full-time pharmacist, a registered nurse or a full or part-time physician and that each is engaged in servicing the health needs of company employees. There is not the slightest indication that these dispensaries are a mere subterfuge for the sale of plaintiff's products to ultimate consumers at less than the fair trade price or, indeed, that any such sales in fact occur.

Accordingly, the defendant's contention that the plaintiff is competing with it on the retail level is patently without merit. The case of United States v. McKesson & Robbins, Inc., 1956, 351 U. S. 305, 76 S.Ct. 937, 100 L.Ed. 1209, relied upon by defendant, has no applicability under the circumstances here presented.

■ After carefully considering the pleadings, plaintiff's motion papers and brief, defendant's opposing affidavits, the exhibits submitted on this motion and after hearing the oral argument of counsel, I have concluded that:

1. Plaintiff has made and is continuing to make reasonable and diligent efforts to enforce its fair trade price structure.

2. Despite certain violations, there has been no general breakdown of plaintiff's system of fair trade prices.

3. Defendant has and is continuing to sell plaintiff's products below the fair trade price in violation of Section 369-b of the New York General Business Law, McKinney's Consol. Laws, c. 20.

4. Defendant's continued disregard for plaintiff's rights under the New York Fair Trade Law is undermining plaintiff's fair trade price structure and unless restrained pending trial such conduct may lead to the destruction of plaintiff's fair trade system and the impairment of its good will.

5. The relief here sought against the defendant is for the sole purpose of enforcing plaintiff's fair trade rights.

6. There is no reason why a preliminary injunction should not be granted.

7. The plaintiff has established its right to a preliminary injunction since the defendant's acts are in clear violation of Section 369-b of the New York General Business Law, and unless restrained pending trial, such conduct will result in irreparable injury to plaintiff and may lead to the destruction of its fair trade structure and the impairment of its good will.

Settle order on notice which shall recite the facts as found herein and which shall provide that said order is conditioned upon plaintiff's furnishing a bond to the satisfaction of the court in the amount of $5,000.

### On Motion to Reargue

The motion for leave to reargue is granted, and upon reargument the original determination of this court is adhered to for the reasons set forth in my

opinion dated May 11, 1959. The court has diversity of jurisdiction, jurisdiction over this action, and a sufficient jurisdictional amount is here involved. See John B. Kelly, Inc. v. Lehigh Nav. Coal Co., 3 Cir., 1945, 151 F.2d 743, 746, certiorari denied 327 U.S. 779, 66 S.Ct. 530, 90 L. Ed. 1007; Ambassador East, Inc. v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79, 81; Board of Trade of City of Chicago v. Cella Commission Co., 8 Cir., 1906, 145 F. 28, 29. The other arguments by the defendant, in my opinion, lack merit.

So ordered.