■ TITIAN V. DE CANDIDO, Doing Business as REX PHARMACY, Respondent, v. YOUNG STARS, INC., Appellant, et al., Defendants.— Order unanimously reversed on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion for a temporary injunction is denied, with $10 costs. The plaintiff has not made the requisite showing to establish that he has a clear legal right to the injunction sought. A temporary injunction should not be granted unless the plaintiff shows a clear legal right thereto and, in addition, shows that he would be irreparably damaged if an injunction were not granted before trial. The defenses of unclean hands, laches, and the absence of the maintenance of a fair-trade price structure in the vicinity where it is sought to be enforced are strongly supported by defendant's affidavits and preclude the granting of a temporary injunction. Moreover, it appears that the defendant, to the knowledge of the plaintiff, had been selling merchandise below fair-trade prices openly for more than two years before this action was commenced. In such circumstances the plaintiff should not be granted an injunction before the issues are tried. Concur — Breitel, J. P., Rabin, M. M. Frank, Stevens and Bastow, JJ.

■ JOHN S. YOUNG et al., Respondents, v. ANITA O'K. YOUNG, Appellant.— Order unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion to set aside service of the summons and complaint is granted, with $10 costs. The appellant takes the position that no proper service of the summons and complaint was made upon the defendant because (1) defendant was not a resident of the State of New York as is required by section 230 of the Civil Practice Act and (2) that the place where the summons and complaint were left was not the defendant's residence (Civ. Prac. Act, § 231). We need not pass on the question as to whether the defendant was a resident of the State of New York, inasmuch as we have reached the conclusion that the apartment house where the summons and complaint were left was not the residence of the defendant at the time of the alleged service within the meaning of section 231 of the Civil Practice Act. The fact that the defendant had purchased a co-operative apartment in the building, with the intention of occupying it sometime in the future, does not make that location the defendant's "residence". The record establishes that the apartment in question had never been completed, furnished or occupied by the defendant. In the circumstances it may not be considered to be her place of residence for the purpose of effecting substituted service. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.