The **UPJOHN COMPANY**, Plaintiff,

v.

**BARBARAND MERCHANDISE CORP.,**
Defendant.

United States District Court
S. D. New York.
July 16, 1960.

Rogers, Hoge & Hills, New York City, for plaintiff.

W. Edward Woods, New York City, for defendant.

PALMIERI, District Judge.

This is an application for a preliminary injunction against defendant's sale of plaintiff's trade-marked products for less than the minimum fair-trade price. Jurisdiction is based on diversity of citizenship.

There is no dispute as to what occurred; defendant does not deny that its sales of plaintiff's products are in violation of the New York Fair Trade Act (Feld-Crawford Act), N.Y.General Business Law § 369–b, McKinney's Consol. Laws, c. 20. Two defenses are raised. First, defendant asserts that plaintiff's application for a preliminary injunction comes too late. Second, defendant claims that the court lacks jurisdiction of the subject of the action because the matter in controversy does not exceed $10,000. See 28 U.S.C. § 1332(a).

586

This action was commenced on September 16, 1959. Defendant filed its answer on October 7, 1959. In April and May of 1960, plaintiff sent its "shoppers" to defendant's premises to determine whether defendant was continuing to undermine plaintiff's price structure despite warning notices and the pendency of this action. Discovering that violations of the established minimum price had not abated, plaintiff served defendant with notice of this motion on June 23, 1960. On these facts, I find that plaintiff has not been unduly lax in seeking injunctive relief against the defendant. I also find that plaintiff has satisfactorily demonstrated its continuous and diligent efforts to enforce its resale price maintenance policy. See Upjohn Company v. Liberty Drug Co., 193 F.Supp. 701 (S.D.N.Y.1959). I therefore conclude that plaintiff has not abandoned or waived its rights under the Fair Trade Law generally or with regard to this defendant. See General Electric Co. v. R. H. Macy & Co., 199 Misc. 87, 103 N.Y.S.2d 440 (Sup.Ct.N.Y.County 1951).

The "amount in controversy" issue poses a more troublesome problem. A conflict of authorities exists, compare Seagram-Distillers Corp. v. New Cut Rate Liquors, 245 F.2d 453 (7th Cir. 1957) and Sunbeam Corp. v. Gem Jewelry Co., 157 F.Supp. 838 (D.C.Hawaii 1957) with Youngs Rubber Corp. v. Dart Drug Corp., 175 F.Supp. 832 (D.C. Md.1959) and The Upjohn Company v. Liberty Drug Co., supra. In view of the many fair-trade cases decided by this court in the past and entertained on appeal without discussion of the question of jurisdiction, I am unwilling to enter a determination which would effectively bar this type of litigation from a federal forum. I therefore hold that the value of the plaintiff's good will is the appropriate yardstick, see Sunbeam Corp. v. Golden Rule Appliance Co., 252 F.2d 467 (2d Cir. 1958), and that a sufficient jurisdictional amount is involved here.

In sum, I conclude that plaintiff has established its right to a preliminary injunction since the defendant's continued disregard of plaintiff's rights under the New York Fair Trade Law is undermining plaintiff's resale price maintenance program and unless restrained pending trial such conduct may lead to the destruction of plaintiff's fair-trade system and the impairment of its good will.

This memorandum opinion constitutes the court's findings of fact and conclusions of law. Fed.R.Civ.P. 52(a), 28 U.S.C.

Submit order reciting the facts found herein in accordance with Fed.R.Civ.P. 65(d). Plaintiff should furnish and the order should provide for security in the amount of $500. Fed.R.Civ.P. 65(c).