**JOHNSON & JOHNSON, Plaintiff,**

v.

**Harry WAGONFELD, Louis Wagonfeld and Max Wagonfeld, individuals doing business as World Merchandise Exchange, Defendants.**

United States District Court
S. D. New York.

July 22, 1960.

Rogers, Hoge & Hills, New York City, George M. Chapman, New York City, of counsel, for plaintiff.

W. Edward Woods, New York City, for defendants.

CASHIN, District Judge.

This is a motion for temporary injunction restraining defendants from advertising, offering for sale, or selling at retail, merchandise bearing plaintiff's trademark or brand name for prices less than those stipulated in plaintiff's fair trade contracts. Jurisdiction of this court is based upon diversity of citizenship. The complaint states a claim under Section 369–a of the New York General Business Law. The verified complaint and the affidavits submitted in support of the motion show, at least for the purposes of this motion, that the following fact situation exists.

Plaintiff has for some years manufactured, produced and marketed various products under the trademark "Johnson

& Johnson" or the notation "Johnson's". Plaintiff is the sole owner or has the exclusive right to use this mark or notation in identifying its products. The mark and notation in issue are valid subsisting trademarks registered in the Patent Office.

During the past five years plaintiff has expended more that $25 million in advertising its products, under the trademarks listed above, in various national media. In each of the last five years the retail domestic sales of plaintiff under the trademarks in issue have exceeded $50 million. The products marketed under the trademarks in issue include surgical dressings, baby products, elastic products, ointments and other related articles. As a result of both the expenditures in advertising and of the amount of retail sales, plaintiff estimates its good will to exceed the value of $215 million. Plaintiff is competing in the sale of its products with various other national distributors, such as Mennen Company and the Bauer and Black Division of the Kendall Company.

Defendants are retailers of various types of drug merchandise including plaintiff's products. Defendants have sold, are selling, and apparently in the future, unless restrained, will sell, plaintiff's merchandise at prices less than the minimum resale price established by plaintiff by contract with various retailers in New York. Six affidavits of hired investigators who have shopped defendants' stores, establish the fact that defendants have sold at less than plaintiff's minimum resale price. Since defendants oppose the motion for a temporary injunction and do not deny the past sales, it is established, for the purposes of this motion, that violations have occurred and that there is imminency of future violations.

Defendants oppose the issuance of a preliminary injunction on two grounds. The first ground is addressed to the jurisdiction of the court. Supporting this ground defendants contend that, since this is a diversity case, plaintiff has not established the jurisdiction of the court since the amount in controversy is less than $10,000. The second ground is addressed to the merits. Defendants contend that the plaintiff is not entitled to the relief requested because it has not assiduously enforced its fair trade rights. I will consider these objections separately below.

■ Defendants claim that this court has no jurisdiction because plaintiff has failed to show damages in excess of $10,-000. In support of this contention defendants argue that the monetary damages which plaintiff can recover cannot be established to be over $10,000. Defendants' argument, however, evades the true issue. What plaintiff is attempting to protect is the value of its good will. I will not presume to evaluate finally the worth of plaintiff's good will on the meager information before me on this motion. However, since plaintiff has expended an average of over $5 million a year for domestic advertising over the last five years, the conclusion that its good will is worth at least $10,000 is amply warranted. (See Upjohn Company v. Liberty Drug Co., Inc., S.D.N.Y., 193 F.Supp. 701, opinion of Judge Levet, and cases cited therein.) Thus, this court has jurisdiction of the action.

■ Plaintiff, at least for the purpose of this motion, has admitted that its enforcement activities in the past have been somewhat less than perfect. Plaintiff has established, however, that since the beginning of this year it has been very diligent in enforcement activities. Thus, in the Borough of Manhattan alone, more than 250 dealers were investigated for price violations. In the same period more than 50 enforcement actions have been brought against dealers in the same area, and more than 10 injunctions have already been obtained. The affidavit of plaintiff's New York Division Manager states that this vigorous enforcement will be continued. The question remains whether plaintiff's failure to enforce its fair trade rights in the past has forever foreclosed it from enforcing them. I find that plaintiff's failure so to enforce its rights has not so foreclosed it.

Defendants, in support of their contention that plaintiff is foreclosed, cite the case of General Electric Company v. R. H. Macy & Co., 199 Misc. 87, 103 N.Y. S.2d 440, plaintiff-respondent's motion to dismiss the complaint and vacate the judgment of injunction granted, 278 App. Div. 939, 105 N.Y.S.2d 1003. Defendants' reliance on this case is misplaced. The cited case stands for the principle that past failure to enforce fair trade rights does not preclude such an enforcement so long as the present enforcement is real and not illusory. This principle is based, not on the statutory authority for enforcing minimum resale prices, but on the general rules of equity jurisprudence. Equity will not enforce any agreement which will work inequity on a defendant. Therefore, if a manufacturer sought to utilize the fair trade laws to give a competitive advantage to one retailer over another, Equity would stay its hand. Here, however, the contrary has been shown. Plaintiff is not at all seeking to discriminate in favor of one retailer against another. Rather, it is attempting to maintain a general resale price structure. The statutes of the State of New York give plaintiff that right. Plaintiff's failure in the past to enforce its fair trade rights are irrelevant in the instant case so long as presently it vigorously enforces such rights. General Electric Company v. R. H. Macy & Co., supra.

Based upon the foregoing facts, I conclude:

1. Plaintiff is presently taking adequate and reasonable steps to enforce its fair trade program;

2. Plaintiff will be finally entitled to the injunctive relief demanded in the complaint if it establishes its allegations, and it appears to have a reasonable probability of such establishment;

3. The relief sought against defendants is solely for the enforcement of fair trade rights;

4. Immediate and irreparable harm will result to plaintiff if defendants' illegal acts continue, in that plaintiff's good will will be damaged;

5. No harm will result, in the legal sense, to defendants by restraining them from selling below plaintiff's minimum resale prices;

6. Plaintiff is entitled to the temporary injunction demanded.

The foregoing shall constitute the findings of fact and conclusions of law of the Court.

An order shall be settled, on notice, granting a temporary injunction as prayed for in the complaint.