**JOHNSON & JOHNSON, Plaintiff,**

v.

**BELLMORE SALES CORP., Defendant.**

United States District Court
S. D. New York.
Nov. 4, 1960.

Rogers, Hoge & Hills, New York City, for plaintiff.

Morton L. Kimmelman, New York City, for defendant.

PALMIERI, District Judge.

This is an application for a preliminary injunction against defendant's sale of plaintiff's trade-marked products for less than the minimum fair trade price. Jurisdiction is based on diversity of citizenship.

Defendant does not deny that it sells plaintiff's products at prices lower than those specified in plaintiff's fair trade contracts. Three defenses have been asserted:

First, it is contended that plaintiff has been lax in its enforcement program, particularly during the period prior to January 1, 1960, and is therefore precluded from seeking injunctive relief. As to this contention, I find that the plaintiff has satisfactorily demonstrated its continuous and diligent efforts to enforce its resale price maintenance policy during the period from January 1, 1960 until the present. Its past imperfect enforcement should not forever foreclose its right to protect its good will in accordance with the applicable state legislation, New York Fair Trade (Feld-Crawford) Act, N.Y.Gen.Bus.Law, § 369–b, and the federal enabling act, 15 U.S.C.A. § 1 (McGuire Act). See Johnson & Johnson v. Wagonfeld, 206 F.Supp. 30 (S.D.N.Y.1960).

Second, defendant claims that the application for a preliminary injunction comes too late. Under the circumstances presented, I do not believe that the five-month lapse between the initiation of the suit and the notice of this motion indicates a lack of diligence on plaintiff's part in pursuing its legal remedies. See Upjohn Company v. Barbarand Merchandise Corp., 207 F.Supp. 585 (S.D.N.Y. July 16, 1960).

Finally, defendant points to plaintiff's sales to certain retailers at wholesale prices and concludes that such sales demonstrate plaintiff's pursuit of an unlawful and discriminatory pricing policy. However, the papers in opposition to this motion contain nothing which would refute plaintiff's assertion that the challenged sales reflect nothing more than permissible quantity discounts. See Calvert Distillers Corp. v. Nussbaum Liquor Store, Inc., 166 Misc. 342, 2 N.Y. S.2d 320 (1938).

It is my conclusion that: (1) Plaintiff has sufficiently shown that it has not abandoned or waived its rights

588

under the Fair Trade Law generally or with regard to this defendant, see General Electric Co. v. R. H. Macy & Co., 199 Misc. 87, 103 N.Y.S.2d 440 (Sup.Ct. N.Y.Co.1951); (2) defendant's continued disregard of plaintiff's rights under the New York Fair Trade Law is undermining plaintiff's resale price maintenance program and unless restrained pending trial, such conduct may lead to the destruction of plaintiff's fair trade system and the impairment of its good will. I therefore hold that plaintiff has established its right to a preliminary injunction.

This memorandum opinion constitutes the Court's Findings of Fact and Conclusions of Law. Fed.R.Civ.P. 52(a), 28 U.S.C.A.

Submit order reciting the facts found herein in accordance with Fed.R.Civ.P. 65(d). Plaintiff should furnish and the order should provide for security in the amount of $500.00. Fed.R.Civ.P. 65(c).