**PARKE, DAVIS & COMPANY, Plaintiff,**

v.

**JARVIS DRUG CO., Inc., Defendant.**

United States District Court
S. D. New York.

May 1, 1962.

On Plaintiff's Reargument of Application Sept. 20, 1962.

Defendant's Motion for Reargument Denied Oct. 11, 1962.

Rogers, Hoge & Hills, New York City, George M. Chapman, Charles D. Snead, Jr., New York City, of counsel, for plaintiff.

Kozinn & Kozinn, New York City, Maurice Kozinn, New York City, of counsel; Paul Kozinn, New York City, on the brief, for defendant.

BONSAL, District Judge.

This is an application for a preliminary injunction against defendant's sale of

plaintiff's trademarked products at prices less than those stipulated in plaintiff's fair trade contracts in effect with certain retailers in the State of New York. The injunction is sought pursuant to New York General Business Law, §§ 369–a and 369–b. The complaint herein was filed on October 9, 1961, and defendant served its answer on November 27, 1961. The voluminous papers filed in connection with this motion indicate the following facts:

Plaintiff, a Michigan corporation, has been in the business of manufacturing and distributing pharmaceutical products since 1866. Each of plaintiff's products bears one or more of its trademarks, among them "ABDEC" vitamin preparation drops, "MYADEC" vitamin capsules and "PALADAC" liquid vitamin preparation. Plaintiff's products bearing the identifying trademarks are extensively advertised and widely sold throughout the State of New York and elsewhere. Plaintiff's advertising program has been continuous and extensive, it being stated that plaintiff spends an average of at least $2,000,000 a year in advertising. The products are promoted nationally through institutional type advertising, and locally through sale materials and other types of displays. Plaintiff's sales in 1960 were in excess of $127,000,000., and it can be assumed that, by reason of its trademarks and its promotion activities, it has established a very substantial goodwill for its products.

Plaintiff's products are in competition with other leading manufacturers of pharmaceuticals.

The plaintiff has adopted a policy pursuant to the New York Fair Trade Law and has negotiated contracts with various retailers in the State of New York for the protection of its fair trade prices. The plaintiff has also taken action to protect its fair trade prices and, in May of 1960, intensified its enforcement program. Plaintiff alleges that since May 1960 more than 240 retailers in the New York Metropolitan Area have been investigated for price violation; that it has brought in excess of 75 enforcement actions in Manhattan alone, and that 30 injunctions have already been entered. Plaintiff further alleges that it intends to continue to enforce its fair trade policy vigorously in the New York area.

Defendant, Jarvis Drug Co., Inc., operates a retail drug store at 256 West 88th Street, at which plaintiff's products are sold. On July 11, 1961, plaintiff warned the defendant that it was selling plaintiff's products at below the fair trade prices. It appears that defendant continued to do so, and this action was instituted on October 9, 1961. Plaintiff furnished affidavits from three professional shoppers engaged for the purpose, who stated that on January 3, January 5 and January 8, 1962 they purchased bottles of plaintiff's preparation "ABDEC" drops at prices which were established to be below the fair trade price for these products. (In two instances at $2.89 a bottle, and in one instance at $2.91 a bottle, compared to the fair trade price of $3.51.)

Defendant does not deny that it is selling plaintiff's products at below the fair trade price. Its preliminary defense, that plaintiff has waited too long to be entitled to a preliminary injunction, is without merit. Johnson & Johnson v. Bellmore Sales Corp., 207 F.Supp. 586 (S.D.N.Y.1960); Upjohn Co. v. Barbarand Merchandise Corp., 207 F.Supp. 585 (S.D.N.Y.1960); De Candido v. Young Stars, Inc., 10 A.D.2d 922, 200 N.Y.S.2d 695 (App.Div.1960). Nor does the allegation by the defendant that other retailers in the Metropolitan Area cut prices on plaintiff's products provide a defense against the application for a preliminary injunction. Calvert Distillers Corp. v. Nussbaum Liquor Store, 166 Misc. 342, 2 N.Y.S.2d 320, 325 (Sup.Ct. 1938).

The only issue raised by the defendant is whether the present status of plaintiff's enforcement program warrants a court of equity in issuing a preliminary injunction against this defendant. Defendant alleges in its affidavits that between the time it received plaintiff's notice of motion of February 7, 1962 and

352

March 15, 1962, it obtained information, citing names and places, of some 100 instances of price cutting by 89 different retailers of plaintiff's products in Manhattan below 110th Street. Among the retailers listed are Macy's, Goldsmith's, Klein's and Hudson Drug.

In its reply affidavits, plaintiff states that the 89 retail outlets cited by the defendant have been warned by the plaintiff, that 40 suits had been filed against retailers in this group and 6 additional suits are currently being prepared; that 29 more of the group are being shopped for possible suit; that 16 of plaintiff's judgments are against retailers in the group; and that all the retailers now under preliminary injunction fall within the group.

Plaintiff does not counter the assertion of the defendant that the large outlets, such as Macy's, Goldsmith's, Klein's and Hudson Drug, have sold its products at below the fair trade price and continue to do so. All of the outlets referred to by the plaintiff appear to be relatively small local drug stores.

■ To be entitled to the extraordinary relief of a preliminary injunction, plaintiff must show that its fair trade enforcement policy is not only being pursued vigorously, but that it is being pursued against large and small outlets alike. The sales made by this defendant of plaintiff's products are said to be insignificant compared to the sales of such products made by the large retail outlets. It is not clear from the papers that this defendant is not in competition with the large outlets referred to by the defendant. On the contrary, it is likely that persons living in the neighborhood of defendant's store and working in the midtown and downtown commercial areas may well purchase their needs of plaintiff's products from such large outlets as Macy's and Goldsmith's. Many people believe that, by reason of its volume, this type of store is able to sell and does sell at lower prices than are charged by others.

Plaintiff cites the recent cases in this Court, decided by Judge Levet, in which it obtained injunctions. Parke, Davis &

Co. v. Amalgamated Health & Drug Plan, Inc., 205 F.Supp. 597 (S.D.N.Y.1962); Parke, Davis & Co. v. Green Willow, Inc., 205 F.Supp. 346 (S.D.N.Y.1962). However, in those cases the precise issue here presented was not raised. Indeed, in the Green Willow case, Judge Levet found that "[N]o issue of fact is presented with regard to the enforcement efforts of plaintiff."

The defendant here has presented such an issue of fact. Its contention, in essence, is that it will be grievously injured if it is enjoined from selling plaintiff's products at prices which compete with such distributors as Macy's and Goldsmith's while they continue to sell below the fair trade price. See Upjohn Company v. Liberty Drug Co., Inc., 193 F.Supp. 701 (S.D.N.Y.1959); Johnson & Johnson v. Wagonfeld, 206 F.Supp. 30 (S.D.N.Y.1960). Defendant also contends that plaintiff can show no irreparable damage justifying a preliminary injunction if in fact its policy is to enjoin the little retailer while the big retailer continues to sell at below fair trade prices. Hoffmann-LaRoche, Inc. v. Ace Prescription Center, Inc., 147 N.Y.L.J. No. 27 at p. 15 (Supreme Court, Queens County, Feb. 7, 1962); De Candido v. Young Stars, Inc., supra.

In the opinion of the Court, the defendant has set out a sufficient prima facie defense to preclude a court of equity from granting the extraordinary relief of a preliminary injunction on the present record.

Therefore, plaintiff's application for a preliminary injunction will be denied without prejudice to plaintiff's making a further application upon the showing that its fair trade policy is being enforced, not only diligently, but across the boards, against all retailers alike, regardless of their size and their volume of sales of its product.

So Ordered.

On Reargument of Application

Plaintiff, Parke, Davis & Company, moved for a preliminary injunction against defendant's sale of plaintiff's

trademarked products at prices less than those contained in plaintiff's fair trade contracts in effect with certain retailers in the State of New York. The injunction was sought pursuant to New York General Business Law § 369. In a memorandum opinion dated May 1, 1962 this Court, on the basis of the affidavits submitted and oral argument, denied plaintiff's application for a preliminary injunction without prejudice to its making a

> further application upon the showing that its fair trade policy is being enforced, not only diligently, but across the boards, against all retailers alike, regardless of their size and their volume of sales of its product.

The plaintiff moved to reargue its application, and on July 9, 1962 a hearing was held to determine the single factual issue of whether plaintiff is enforcing its fair trade policy in conformity with the above standard. Plaintiff offered the testimony of its "Assistant Manager in Sales" having responsibility for the New York area, and the testimony of an attorney in the office of its counsel engaged on the plaintiff's fair trade program. The defendant cross-examined plaintiff's witnesses, but did not call any witnesses of its own.

■ The evidence at the hearing and the affidavits submitted by plaintiff on the motion for reargument satisfy the Court that the plaintiff is pursuing a regular and diligent enforcement program and that it is not discriminating as between the small and the large retailer.

Plaintiff's witnesses gave detailed testimony about the enforcement efforts against certain large retailers in the New York Metropolitan Area. It was testified that S. Klein, without suit, has entered into a voluntary agreement to maintain fair trade prices; Goldsmith Brothers entered into a consent arrangement after suit had been commenced against it; Hudson Drug discontinued its price cutting after suit had been started; and Macy's, including its branch stores, has been enjoined from price violations of plaintiff's products.

Over 365 retailers have been investigated by plaintiff's counsel, and more than 200 warning letters have been sent out. One hundred twenty-three suits have been started. Fifty-four permanent injunctions had been obtained by the plaintiff at the time of the hearing, as well as three preliminary injunctions. Seven contempt proceedings have been brought.

■ Defendant claims that this Court is without jurisdiction because the amount of plaintiff's drugs sold by it is less than the jurisdictional amount of $10,000., and therefore plaintiff's damages cannot exceed that amount. Defendant misconstrues the nature of the damage plaintiff claims. Plaintiff brings this action to protect its good will, and it is not controverted that the value of its good will is in excess of $10,000. Johnson & Johnson v. Wagonfeld, 206 F.Supp. 30 (S.D.N.Y.1960); Upjohn Co. v. Liberty Drug Co., 193 F.Supp. 701 (S.D. N.Y.1959).

■ It is true that some of the evidence at the hearing relates to enforcement activities that have taken place since plaintiff's original motion was made, and indeed subsequent to the Court's decision of May 1, 1962. However, plaintiff's enforcement program is necessarily of a continuing nature. It would be a useless exercise in form to require the plaintiff to bring another motion which could only lead to the same result reached here. The burden plaintiff must bear is to demonstrate that regardless of its past practices, it is *presently* vigorously and without discrimination enforcing its fair trade rights. This was why the Court stated in its opinion of May 1, 1962 that the decision therein made was "without prejudice to plaintiff's making a further application * * *." See Johnson & Johnson v. Wagonfeld, supra, 206 F.Supp. at 32.

Plaintiff's application for a preliminary injunction is granted.

Settle order on notice.