■ In the Matter of ORANGE FRONT PAINT SUPPLY, INC., Appellant, v ROBERT J. SCARAMUCCIA, as Commissioner of the Department of Purchasing of the Town of Hempstead, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Purchasing of the Town of Hempstead, which rescinded the award of a contract to the petitioner and removed petitioner's name from the town's "Bidders' List" for a period of three years, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered October 28, 1976, which dismissed the petition. Judgment modified, on the law, by adding thereto, immediately after the words "dismissed on the merits", the following: "insofar as it seeks to review the rescission of the award of the contract and the said portion of the determination is confirmed". As so modified, judgment affirmed, without costs or disbursements, and proceeding remitted to Special Term for a hearing in accordance herewith. Petitioner-appellant was the lowest bidder on a municipal contract to supply paint and paint sundries to the respondent Town of Hempstead. It was awarded the contract on condition that it furnish a performance bond within a stated period of time. On petitioner's failure to submit the bond after it had been granted an extension of time for that purpose, the award was rescinded and petitioner's name was removed from the town's "Bidders' List" for a period of three years. The Special Term held that petitioner was not a responsible bidder and dismissed the petition. Under the facts of this proceeding, rescission of the award was not arbitrary or capricious (see *Matter of P. J. Panzeca, Inc. v County of Nassau,* 56 Misc 2d 460, affd 30 AD2d 640). No hearing is required on this issue (see CPLR 7804, subd [h]). However, a hearing is required with respect to the removal of petitioner's name from the "Bidders' List". The respondent commissioner has a long-standing policy under which "written advices" are mailed directly to. those on the "Bidders' List" whenever supplies are required. In their brief, respondents concede that the commissioner maintains a "nonstatutory informal mailing list" which "consists of past successful and unsuccessful bidders, those who have requested the service, and those businesses which the Commissioner knows to trade in a particular item of service". It is admitted in the pleadings that the policy of mailing advices in advance of the public advertising for bids does not "in any way inhibit or prohibit" the submission of bids by persons not on the list. Respondents urge that the procedure is in the best interests of the town as the commissioner has found that it "maintains good relations with prospective vendors, assures a ready pool of suppliers in the event of an emergency bid and tends to enhance the competitiveness of exempt purchases or 'letter bids'." Respondents' use of the "Bidders' List" is part of its general bidding practices. To the extent that the effect of the practice may be to discourage persons not on the list from bidding, or to give such persons insufficient opportunity to estimate their lowest possible bid, the practice is against the public policy as expressed in the bidding statutes (see General Municipal Law, § 103). There is, however, no issue before us with respect to the legality of the commissioner's use of the list and we therefore do not pass upon such issue. While we are aware that emergency purchases do not require competitive bidding

(General Municipal Law, § 103, subd 4), it is nevertheless in the public interest that such purchases be made at the lowest cost to the municipality. On this record, we cannot determine whether the removal of petitioner's name from the list was arbitrary. The contract proposal provides for delisting as a possible sanction on "cancellation of order for any reason", but here there was no cancellation of an order. The record is silent as to what standards, if any, respondents use in determining to remove a name from the list, that is, what their practice is and has been with respect to delisting persons from the "Bidders' List". A hearing is required to determine whether the removal of petitioner's name from the list was arbitrary. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.