■ CHRYSLER CORPORATION, Appellant, v FEDDERS CORPORATION, Respondent.—Order, Supreme Court, New York County, entered December 5, 1977, denying plaintiff's motion for a preliminary injunction unanimously modified, on the law and the facts and in the exercise of discretion, to grant a preliminary injunction to the extent only of directing that upon any payment of future dividends to holders of its series A, preferred stock, defendant shall set aside or otherwise secure funds for payment of ratable dividends to holders of its series B, preferred stock, pending determination of this action, and otherwise affirmed, without costs and without disbursements. An expeditious trial is directed. Defendant Fedders purchased plain-

---

tiff Chrysler's Airtemp Division pursuant to an agreement dated February 23, 1976. In partial payment Fedders issued one and one-half million shares of series B, preferred stock to Chrysler which now claims to be the owner and holder of all said shares. Prior to the transaction with Chrysler, Fedders had similarly issued to Studebaker Worthington Corporation 276,-930 shares of stock denominated series A, preferred stock. At the time of the issuance of each of the two series, Fedders amended its certificate of incorporation to authorize the issuance of such stock. The amendment in each case provided: "If preferred shares of more than one series are outstanding, dividends on all outstanding shares [of that series] and on all other outstanding preferred shares shall be paid or declared and set apart for payment ratably in proportion to the respective annual dividend rates fixed therefor". Full dividend payments to the holder of the series A stock were made on June 1, 1976, December 1, 1976 and June 1, 1977. It further appears that during the pendency of this action full dividend payments were made to the holders of series A stock on December 5, 1977. However, Fedders has made no payment of dividends on the series B stock, although it appears that dividends in the amount of $975,000 are payable semiannually on such stock. As of February 23, 1978, Fedders allegedly owed Chrysler accumulated unpaid dividends of $3,900,000. Chrysler's series B, preferred stock, is entitled to receive an annual cumulative dividend in cash of $1.30 per share payable semiannually on February 23 and August 23 of each year. The holder of the series A, preferred stock, is entitled to receive annual dividends of 25¢ per share per annum payable on June 1 and December 1 of each year. At Special Term, plaintiff sought a temporary injunction enjoining and restraining defendant from paying the holder or holders of Fedders series A preferred stock any further dividends unless and until Chrysler Corporation has been paid the accumulated and unpaid dividends now due and payable to Chrysler on the series B, preferred stock held by it and unless and until Fedders pays or declares and sets apart for payment additional ratable dividends accruing on the Fedders series B, preferred stock held by Chrysler before such payment to the holders of Fedders series A preferred stock. Fedders asserts that although the two series are denominated series A and series B preferred stock, entitled to ratable dividends pursuant to the certificate of incorporation, the series A shares are not of the same class as series B. Fedders contends that the series A securities are not really stock at all but are rather debt instruments, because of the provision entitling holders of the series A stock to accelerate the principal of the debt if there is a default in making any periodic payment and because of the mandatory redemption rights and sinking fund requirements attributable to such stock. There are no such provisions in the series B stock despite the provision in the certificate of incorporation apparently entitling the holders of either series to payment of dividends if dividends are paid on the other series. Fedders contends this presents an issue of fact precluding injunctive relief. It further contends that if such an injunction is issued it will be subjected to irreparable harm because if it is enjoined from paying dividends on the series A stock the entire principal amount would become due and payable and that this would precipitate bankruptcy. Fedders further alleges that Chrysler has not made the necessary showing of irreparable harm to it if the injunction is not issued because at the most if Chrysler is right it will only be entitled to a money judgment for current dividends and arrears. Thus, Fedders contends, Chrysler is not entitled to an injunction both because there is a disputed issue of fact and there is no showing of irreparable harm to Chrysler. An injunction should be granted only with great caution. It is inappropriate unless a clear right to such relief is shown *(Xerox Corp. v Neises,* 31 AD2d 195; *De Candido v Young Stars,* 10 AD2d 922). Ordinarily, injunctive relief will not issue where its

effect will be to grant all the relief to which the party may be entitled after a trial *(Allied-Crossroads Nuclear Corp. v Atcor, Inc.,* 25 AD2d 643). However, an injunction should be granted if the activity complained of will cause irreparable injury to the party seeking such relief before a trial can be held to resolve the underlying controversy. In this context, irreparable injury means a continuing harm resulting in substantial prejudice caused by the acts sought to be restrained if permitted to continue *pendente lite (Allied-Crossroads Nuclear Corp. v Atcor, Inc., supra).* As this and other cases hold, where injunctive relief is granted it is to be molded to fit the circumstances so as to preserve the *status quo* to the extent possible. In determining the nature and extent of such relief, a balance of the equities must be struck to effect substantial justice and to preserve the *status quo (Albini v Solork Assoc.,* 37 AD2d 835). Although we need not decide that issue now, it appears that upon the basis of the provisions of the certificate of incorporation and subdivision (c) of section 501 and subdivision (b) of section 502 of the Business Corporation Law Chrysler has made a sufficient showing that it is entitled to payment of dividends on its series B, preferred stock whenever payments are made on the series A, preferred stock. Subdivision (c) of section 501 of the Business Corporation Law requires all shares of a class to be treated equally and subdivision (b) of section 502 provides that separate series of the same class shall be treated equally with respect to dividend payments and preferences. Moreover, harm may come to Chrysler if dividends continue to be paid on the series A preferred stock and no surplus remains to pay dividends on the series B preferred stock. But this does not warrant an injunction against the payment of dividends on the series A, preferred stock, if there is a sufficient surplus to pay such dividends within the judgment of the directors of Fedders. However, because of the apparent statutory and certificate of incorporation obligation entitling Chrysler to ratable payment on the series B stock whenever payment is made on the series A stock, a sufficient showing has been made to warrant an injunction directing Fedders to set aside or otherwise secure funds for payment of ratable dividends to the holders of the series B, preferred stock whenever payment of future dividends is made to holders of the series A preferred stock, pending the determination of this action. Chrysler has made a sufficient showing of likelihood of success and the need to insure that surplus funds are available to pay the dividends on the series B, preferred stock ratably with the series A preferred stock. Settle order on notice including an appropriate provision for an undertaking and directing an early trial. The court will entertain suggestions as to the amount of the undertaking upon settlement of the order. Concur—Burns, J. P., Silverman, Evans, Fein and Sandler, JJ.