■ JONATHAN BASHEIN et al., Appellants, v HARVEY G. LANDAU et al., Respondents. — Order, Supreme Court, New York County (Stephen G. Crane, J.), entered January 21, 1983, denying plaintiffs' motion for a preliminary injunction and granting defendants' cross motion for a change of venue to Westchester County, modified, on the law, the facts, and in the exercise of discretion, to grant the motion for a preliminary injunction, and otherwise affirmed, without costs. This is an action to recover the sum of $16,900, representing a down payment by the plaintiffs in connection with a contract for the purchase of the home of the defendants, Robert and Joy Licht. Pursuant to the contract the down payment has been held in escrow by the sellers' attorney. The purchase was not completed for reasons that are sharply disputed. Alleging that the escrow agent has stated his intent to disburse half of the escrow funds to the Lichts, plaintiffs moved for a preliminary injunction pursuant to CPLR 6311 to restrain him from so doing. The defendants cross-moved pursuant to CPLR 511 (subd [b]) for an order to change the place of trial to Westchester County, alleging that the parties to the contract reside in Westchester County and that no party resides in New York County. Special Term denied the motion for a preliminary injunction and granted the cross motion to transfer the trial to Westchester County. We disagree with that part of the order that denied the motion for a preliminary injunction, and modify the order appealed from accordingly. Special Term was clearly correct in its statement of the general rule that parties moving for a preliminary injunction must demonstrate that they have no adequate legal remedy, will suffer irreparable injury if the injunction is not granted, have a clear right to the ultimate relief, and that a balancing of the equities favors their position. (*Chrysler Corp. v Fedders Corp.*, 63 AD2d 567.) However, it has become increasingly accepted that these principles must be applied flexibly in terms of the underlying realities of the individual situation. (See Siegel, NY Prac, § 328.) At issue here is a sum of money held by the sellers' lawyer as escrow funds under the contract of purchase. We think it clear that the status of these funds ought not to be altered during the pendency of this litigation. (See 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.16.) Moreover, it has been adequately demonstrated that the Lichts are the subject of several undischarged judgments, raising a question as to whether or not they would be answerable for damages in the event the action terminated favorably to the plaintiffs. The possibility that plaintiffs might in that event recover from the Lichts' lawyer for violation of his duties as an escrow agent does not seem to us as satisfactory a response to the realistic problem presented as an injunction that effectively maintains the *status quo*. Concur — Sandler, J. P., Carro and Alexander, JJ.; Asch and Fein, JJ., each dissent in a separate memorandum as follows:

Asch, J. (dissenting). I would affirm the order of Special Term since I am not persuaded that the court went beyond the reasonable exercise of its authority in denying a preliminary injunction. Before this court substitutes its own judgment for that of Special Term, there should be a finding of an abuse of discretion by the nisi prius court. There was no such finding here. In addition,

the "underlying realities" also dictate an affirmance. The escrow funds furnished by plaintiff in connection with the purchase of real estate are being held by an attorney who is much more vulnerable than even a lay escrow agent would be, in addition to his being answerable in money damages for any improper disposition of the funds.

Fein, J. (dissenting). I concur with Justice Asch that the order of Special Term should be affirmed. No one disputes that the principles relied upon by Special Term should be applied flexibly. However, it is plain that a preliminary injunction is a harsh remedy. It is not merely an available alternative as suggested in the texts relied upon by the majority. Thus, in *Chrysler Corp. v Fedders Corp.* (63 AD2d 567), cited by the majority, an injunction was granted because the alternatives posed serious risks of irreparable harm. If the majority is correct, the court will be required to grant an injunction in every case in which an escrow agent, attorney or otherwise, states his view that one of the parties is entitled to the funds held in escrow. The attorney escrow agent here is a defendant. Hence, even in the unlikely event that he turns the escrow funds over to the defendant, any judgment will run against him, so that no new lawsuit will be required, as implied by the majority. That the Lichts may be the subjects of several undischarged judgments will not protect the attorney, if he is wrong. It is noted that the contract, subject of this litigation, has been filed in Westchester County. Hence, it is a lien against the property, affording plaintiffs additional protection. The underlying problem in this litigation is a heated dispute between the attorneys. We should not vitiate well-settled rules in an unnecessary effort to alleviate their problem. Although it might be wiser for the attorney to pay the money into the court and thus relieve himself of the responsibility as escrow agent, he is under no obligation to do so. Undoubtedly, in his own interest, he will be careful to insure that if the plaintiffs are successful, their judgment will be paid. There was no showing of the need for an injunction and there was no abuse of discretion.