In the Matter of SAGAMORE AUTO BODY, INC., et al., Appellants, v COUNTY OF NASSAU et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to clarify the formal sealed bid specifications for the title "County Impound Garage", bid No. B 98-11033-428, petitioners appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered December 13, 1983, which granted respondents' motions to dismiss the petition.

Judgment modified, on the law, by (1) reinstating the petition as against respondent County of Nassau; (2) converting that part of the petition which sought to compel respondent County of Nassau to clarify the formal sealed bid specifications for the title "County Impound Garage", bid No. B 98-11033-428, into an action for a declaratory judgment that said bid specifications are ambiguous; (3) declaring that the bid specifications set forth in bid proposal No. B 98-11033-428, for "County Impound Garage" are ambiguous; and (4) enjoining respondent County of Nassau from awarding any contracts based upon bids submitted pursuant to bid proposal No. B 98-11033-428 for "County Impound Garage". As so modified, judgment affirmed, without costs or disbursements.

Respondent County of Nassau, based upon a formal bid proposal announcement, awards contracts to certain business entities to act as county garages. Such garages are responsible for the towing and storing of vehicles impounded by the Nassau County Police Department (NCPD) until authorized by the NCPD to release the vehicles. The procedure initially followed by the county garages permitted them to dispose of any unclaimed impounded vehicles upon receipt of a "release" from the NCPD. However, at some point, the Department of Motor Vehicles declared that the "release" from the NCPD was insufficient to permit transfer of title to an unclaimed impounded vehicle.

In July of 1983, the respondent county adopted Local Law No. 5 to eliminate the problem of disposing of unclaimed impounded vehicles, which law reads, in pertinent part, as follows: "When a vehicle is impounded by the police department * * * and the owner of said vehicle fails to claim the vehicle within fourteen days of notification to the owner by the Police Department * * * that said vehicle has been released for police purposes, said vehicle shall be deemed abandoned pursuant to the provisions of section 1224 of the Vehicle and Traffic Law governing abandoned vehicles."

Thereafter, the respondent county, by announcement dated October 20, 1983, issued a request for formal sealed bids for the title of "County Impound Garage", bid No. B 98-11033-428. The announcement provided, as part of the bid specifications, in relevant part, as follows:

"The following information may be useful in describing the duties of a County Impound Garage Contractor * * *

"5. When a vehicle is impounded by the Police Department pursuant to its duties under the provisions of this code, and the owner of said vehicle fails to claim the vehicle within fourteen days of notification to the owner by the Police Department by registered mail that said vehicle has been released for police purposes, said vehicle shall be deemed abandoned pursuant to the provisions of section 1224 of the Vehicle and Traffic Law governing abandoned vehicles. (Local Law #5-1983)

"*All fees regarding Impounded Vehicles that are deemed abandoned pursuant to Local Law #5-1983 are not the responsibility of the County.*" (Emphasis supplied.)

Petitioners, all business entities who were qualified to submit bids, commenced the instant CPLR article 78 proceeding, *inter alia,* to compel respondents to "clarify the procedure in regard to the collection of fees for towing and storage of unclaimed impounded vehicles by County Garages". In their petition, petitioners essentially argued that the bid specification language set forth herein, *supra,* is ambiguous in that it does not state how and by whom the county garages are to be paid for their towing and storage services for unclaimed impounded vehicles and that, without clarification, they were unable to submit competitive bids for the county garage contracts. Respondents thereafter moved to dismiss the petition, which motions were granted by Special Term.

We find that Special Term erred in granting the respondent county's motion to dismiss the petition as to it.

Initially we note that the form of the instant proceeding does not warrant dismissal of the petition. Since this court has

jurisdiction over the parties and the petition's allegations are sufficient to support a cause of action for a declaratory judgment, we treat so much of the instant proceeding as sought clarification of the bid specifications as one for a declaratory judgment (see CPLR 103, subd [c]; *Matter of O'Henry's Film Works v Bureau of Ferry & Gen. Aviation Operations,* 111 Misc 2d 464; cf. *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407-408; *Matter of Lemp v Town Bd.,* 90 Misc 2d 360, 363). Moreover, since "this case presents issues of law only and there exists no further issues which might be raised by answer concerning the merits of petitioners' (now plaintiffs') petition (now complaint), which have not been raised on this appeal * * * this court will proceed on the merits to determine the issues raised on this appeal" (*Matter of McBride v Perez,* 80 AD2d 584, affd 56 NY2d 563; cf. *Marlow v Kobliner,* 78 AD2d 874, mot for lv to app den 53 NY2d 603).

As noted, the petition (now complaint) alleges, in part, that the county's disclaimer for the fees regarding unclaimed impounded vehicles that are deemed abandoned casts potential bidders in the untenable position of submitting a proposed contract price without full knowledge of their responsibilities under the contract. Noting various applicable but conflicting laws and regulations, petitioners first contend that since the disposition of the moneys from the sale of an unclaimed impounded vehicle deemed abandoned may remain with the respondent county, as agent for the local authority who has title to the abandoned vehicle (Vehicle and Traffic Law, § 1224, subds 2, 3, 4; 15 NYCRR 18.2; Local Laws, 1973, No. 10 of County of Nassau), it is not clear who is responsible to the county garages for the payment of their fees with regard to such vehicles, in light of the county's disclaimer as to fees regarding such vehicles. Second, petitioners argue that the bid specifications do not indicate whether they can enforce a lien against the unclaimed impounded vehicle deemed abandoned, i.e., hold the vehicle until towing and storage fees are paid, and if the fees are not paid, thereafter sell the vehicle. Petitioners note that if the Lien Law applies, as the respondent county contends (but see Lien Law, § 184, subd 3, as added by L 1984, ch 137), a real possibility exists that a local authority or the respondent county, as its agent, may attempt to dispose of a vehicle under one statute (Vehicle and Traffic Law, § 1224; see 15 NYCRR 18.2; Local Laws, 1973, No. 10 of County of Nassau), while the county garage is attempting to dispose of the same vehicle under another statute (Lien Law, § 184, subd 2, as added L 1984, ch 137).

As we have previously held in a somewhat different context, "[t]o the extent that the effect of [a] practice may be to discourage persons * * * from bidding, or to give such persons insufficient opportunity to estimate their lowest possible bid, the practice is against the public policy as expressed in the bidding statutes (see General Municipal Law, § 103)" (*Matter of Orange Front Paint Supply v Scaramuccia,* 59 AD2d 894).

We agree with petitioners, potential bidders, that the bid specifications create an element of uncertainty with respect to the rights and obligations concerning unclaimed impounded vehicles. Such uncertainty raises the danger that bidding would be discouraged or that bids would be unnecessarily inflated. Thus, we find that the bid specifications issued by the respondent county are insufficiently precise to comply with the public policy underlying the competitive bidding statutes.

Accordingly, it is declared that the bid specifications set forth in bid proposal No. B 98-11033-428 for "County Impound Garage" are ambiguous and the respondent county is enjoined from awarding any contracts based upon the bids submitted pursuant to said bid proposal No. B 98-11033-428 for "County Impound Garage".

However, we do find that the instant proceeding was properly dismissed as against respondent John Passidomo, as Commissioner of Motor Vehicles of the State of New York. Said respondent has no interest in the subject matter involved herein, to wit, how and by whom the county garages are to be paid for their towing and storage services for unclaimed impounded vehicles as set forth in the bid specifications issued by the respondent county. Full relief can be granted petitioners as against the respondent county (cf. *Matter of Szanto v Dumpson,* 77 Misc 2d 392; *Glen v Rockefeller,* 61 Misc 2d 942, affd 34 AD2d 930, on opn of Streit, J., at Special Term). Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.