■ LANDMARK COLONY AT OYSTER BAY, Respondent, v BOARD OF SUPERVISORS OF COUNTY OF NASSAU et al., Appellants.—In an action for a declaratory judgment, defendants appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered November 1, 1983, which declared that Nassau County Ordinance No. 229-80, and a $15,000 penalty imposed thereunder, were invalid, and that defendants were estopped by their own conduct from imposing such penalty, and which directed defendant county to return the sum of $15,000, plus interest, to plaintiff *(Landmark Colony v Board of Supervisors,* 121 Misc 2d 23).

Judgment modified, on the law and the facts, by (1) deleting the first and second decretal paragraphs thereof, and the words "by their own conduct" from the third decretal paragraph, and (2) by adding a provision thereto declaring that Nassau County Ordinance No. 229-80 is valid. As so modified, judgment affirmed, without costs or disbursements.

Plaintiff seeks a refund of a $15,000 penalty imposed against it for violation of Nassau County Ordinance No. 229-80, claiming, *inter alia,* that said ordinance is void because the entire area of condominium legislation has been preempted by the State. Nassau County Ordinance No. 229-80, enacted on May 19, 1980, provides as follows: "Whoever, being the owner or agent of the owner of any land located within a subdivision, commences construction of any non-public improvements without the approval of the Nassau County Planning Commission, or transfers, sells, agrees to sell, negotiates, offers or advertises for sale any unit of or interest in land by reference to or exhibition of, or by other use of a plat of a subdivision, before such plat has been approved, as provided in Section 1610 of the County Government Law of Nassau County and Section 334a of the Real Property Law, and filed in the office of the County Clerk, shall forfeit and pay a penalty of FIVE HUNDRED ($500.00) DOLLARS for each unit so constructed and/ or each lot, parcel or unit transferred, sold, agreed to be sold, negotiated, offered or advertised for sale to be recovered by the County and paid to the County Treasurer. The description of such lot or parcel by metes and bounds in the instrument of transfer or other document used in the process of selling or transferring shall not except the transaction from such penalty". There is no question that, in this case, plaintiff began construction on 30 condominium units in July and August

1980, after building permits had been secured from the Town of Oyster Bay, but prior to final approval of the Nassau County Planning Commission.

NY Constitution, article IX, § 2 (c) (i) provides that a municipality may adopt local laws relating to its "property, affairs or government" provided that the local legislation is not inconsistent with the Constitution or any general law (Municipal Home Rule Law § 10 [1] [i]; Statute of Local Governments § 10; *Consolidated Edison Co. v Town of Red Hook*, 60 NY2d 99, 107). The term "inconsistent" refers to both an express conflict between local and State law *(Wholesale Laundry Bd. of Trade v City of New York*, 17 AD2d 327, *affd* 12 NY2d 998), and to situations where a State statute evidences an intent by the State to preempt local regulation *(Consolidated Edison Co. v Town of Red Hook, supra*, at p 105; *People v De Jesus*, 54 NY2d 465, 469; *People v Cook*, 34 NY2d 100; *Robin v Incorporated Vil. of Hempstead*, 30 NY2d 347; *Dougal v County of Suffolk*, 102 AD2d 531, 532-533, *affd* 65 NY2d 668; *Matter of Ames v Smoot*, 98 AD2d 216, 218).

In the instant situation, there is no express conflict and, moreover, the State Legislature expressly provided for localities to have a role in the approval process for condominium projects, by directing that the "property shall be submitted and subject to the authority of and review by the county planning agency" (Real Property Law § 339-f [2]; *see also*, General Municipal Law art 12-B, § 239-n). The filing provision of the Condominium Act (Real Property Law art 9-B) likewise envisions filings with municipalities (Real Property Law § 339-p). Thus, it is clear that the Condominium Act was not intended to preempt local governments from playing a role in the regulation of condominium development.

Plaintiff contends, however, that even if the State has not totally occupied the field of condominium approval, it has reserved to itself the power to determine when penalties may be imposed, and the power to impose such penalties, by providing for a penalty of $100 per unit for the conveyance, transfer or sale of nonapproved units in Nassau County (Real Property Law § 334-a [13]).* We find this argument to be unpersuasive, for two reasons. First, the State and local governments have different interests in requiring the filing of approval maps. The State's purpose is to establish a public record with "definiteness and certainty" *(Matter of City of New York [East 177th St.]*, 239 NY 119, 129), while the county

---

* Now amended to $500 per unit (L 1983, ch 315, § 1, eff Jan. 1, 1984).

seeks to insure that the development of real property within its borders proceeds in an orderly and rational fashion. Second, Real Property Law § 334-a was enacted as a special law rather than a general law *(see,* Municipal Home Rule Law § 2 [5], [12]), and it may therefore be superseded by a validly enacted local law *(see,* NY Const, art IX, § 2 [c]; Municipal Home Rule Law § 10 [1] [i]; § 35 [4]).

Notwithstanding our determination that the subject ordinance is valid, we nevertheless conclude that, under the particular facts of this case, the county and its Planning Commission should be estopped from imposing the penalty and should, therefore, return the sum which was paid by plaintiff under protest. The record establishes that plaintiff, in attempting to meet the requirements of the various municipal agencies involved in condominium development, encountered delay and, in addition, uncertainty amongst those agencies, including the Town of Oyster Bay and defendant Nassau County Planning Commission, regarding which had jurisdiction over approval of condominium projects within the town. Briefly, plaintiff commenced the approval procedure for its project in 1979 and received approval of its site plan from the town in January 1980. At that time, defendant Planning Commission notified the town that it had received an application for approval of plaintiff's map and it had no objection to the issuance of a building permit for the construction of one building containing three model units at the site. In addition, the Nassau County Department of Public Works advised plaintiff that it had no objection to issuance of that permit, although approval of additional building permits could not be given until certain other requirements had been met. Plaintiff commenced construction of its condominium model in March 1980, and it was not until approximately two months later, on May 19, 1980, that defendant county enacted Ordinance No. 229-80. Although approval of the Planning Commission pursuant to that ordinance had not been received, the town issued building permits to plaintiff in July and August 1980 for seven additional buildings containing 30 condominium units, and construction commenced immediately thereafter. As a result, the Planning Commission's final approval of the project in December 1980 was conditioned upon payment by plaintiff of a penalty of $500 for each of the 30 unapproved units under construction for a total of $15,000, pursuant to the Commission's authority under the newly enacted ordinance.

Although plaintiff may not have exercised sufficient diligence in pursuit of approval for its project at the various

levels of government, we agree with the trial court's conclusion that "plaintiff was more a victim of bureaucratic confusion and deficiencies than the perpetrator of an inexcusable violation" *(Landmark Colony v Board of Supervisors,* 121 Misc 2d 23, 28, *supra)*. Thus, the doctrine of equitable estoppel should apply to preclude imposition of the penalty in this case. It is settled that a municipality or other governmental subdivision may be estopped where its wrongful or negligent conduct induces a party relying thereon to change his position to his detriment *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *see also, La Porto v Village of Philmont,* 39 NY2d 7, 12). Although estoppel should not be invoked against governmental entities in the absence of exceptional circumstances *(Luka v New York City Tr. Auth.,* 100 AD2d 323, 325, *affd* 63 NY2d 667), we have not hesitated to do so where a municipality's misleading nonfeasance would otherwise · result in a manifest injustice *(Matter of 1555 Boston Rd. Corp. v Finance Administrator of City of N. Y.,* 61 AD2d 187, 192). In this case, application of the penalty provision of Nassau County Ordinance No. 229-80, which was enacted after plaintiff had commenced the approval process for its condominium project, constituted such a manifest injustice that the penalty, plus interest, must be returned. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.