(August 19, 1991)

■ CITY OF NEW YORK, Respondent-Appellant, v ALBERT FALACK, Appellant-Respondent, et al., Defendants.—In an action, *inter alia,* for a permanent injunction, enjoining the defendants from the use, occupancy, maintenance and operation of specified premises which are in violation of the New York City Zoning Resolution, the New York City Nuisance Abatement Law (Administrative Code of City of New York § 7-701 *et seq.),* and the New York City Building Code (Administrative Code § 27-105 *et seq.),* the defendant Albert Falack appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated December 20, 1989, which granted the plaintiff's motion for summary judgment to the extent that it, *inter alia,* enjoined him from further use and occupancy of the illegal additions to his house and ordered the removal thereof, and the plaintiff City of New York cross-appeals from so much of the same order and judgment as denied its application for civil penalties.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

There is no merit to the defendant Falack's contention that the City's motion for summary judgment should have been denied. The record clearly establishes that Falack purchased a home that had been structurally altered in such a manner that it was not in compliance with several provisions of the City zoning ordinance. The record further establishes that Falack was aware of the prior owner's unsuccessful attempts

to obtain the necessary variances which would have excused the violations currently at issue. Accordingly, as Falack's house is undeniably in violation of the zoning ordinance, and as his claims of discriminatory selective enforcement were not properly raised and moreover are unsubstantiated by the record *(see, Matter of 303 W. 42nd Corp. v Klein,* 46 NY2d 686), the Supreme Court properly enjoined the further use of the illegal additions and directed their removal *(see, Town of E. Hampton v Buffa,* 157 AD2d 714; *City of New York v Bilynn Realty Corp.,* 118 AD2d 511; Administrative Code § 7-701 *et seq.).*

Nevertheless, the court did not improvidently exercise its discretion in declining to assess a civil penalty against the defendant Falack *(see,* Administrative Code §§ 7-706, 26-120, 26-125). Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.