■ In the Matter of MARY MASSA, Appellant, v CITY OF KING-STON et al., Respondents. [652 NYS2d 857] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Torraca, J.), entered December 5, 1995 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a stop-work order issued by respondents, and (2) from an order of said court, entered February 14, 1996 in Ulster County, which denied petitioner's motion for reconsideration.

Petitioner is the owner of residential property situated in the City of Kingston, Ulster County. On September 8, 1995 petitioner obtained two building permits for the construction of an addition to petitioner's residence and for the construction of a retaining wall along the westerly lot line of the parcel on which the addition is being constructed. The permits were issued by respondent City of Kingston and respondent Superintendent of the City's Department of Buildings. The building permit covering the addition to petitioner's residence was issued on the condition that petitioner construct a retaining wall to replace an existing retaining wall which was in a severe state of deterioration and disrepair; the state of the wall has been the subject of contention between petitioner, her neighbors, and the City for several years leading up to the time the permits were issued. The permit for the addition to the residence specifically states: "[t]hese permits are issued in a spirit of good faith and can be withdrawn or a stop work order issued should the wall not be built". Petitioner did not object to said condition at the time the permits were issued.

As part of her application for the wall permit, petitioner submitted a proposed site plan, which contains, in the area labeled "scope of work", a statement that in order to construct the retaining wall "a 20 foot easement will be required from the adjoining property owners * * * [which] will be obtained by the City". Although the City admits that it agreed to help petitioner gain necessary access by contacting and negotiating with her adjoining neighbors, it emphatically denies that it ever agreed to obtain an easement for petitioner and has submitted uncontroverted proof that petitioner was advised by City officials that the City could not and would not obtain an easement for her and, further, that the statement at issue on the site plan was crossed out by a City official before the building permit was issued. The site plan also contained detailed drawings of a "new Keystone Retaining Wall System of precast cement" which would be upwards of 19 feet in height and run approximately 300 feet along the westerly lot line of petitioner's parcel.

After construction on the addition to the residence com-

menced, the City forwarded three proposed license agreements to petitioner which would have allowed petitioner access to her adjoining neighbors' properties. Petitioner refused to enter into any licensing agreements with her neighbors, renewing her claim that the City had agreed to obtain a 20-foot-wide permanent easement which would have provided her and her contractors not only the right to enter and construct the new wall but also would provide her with the right to enter for the purposes of maintaining the wall in the future. Eventually, the City informed petitioner that if the license agreements were not promptly executed by petitioner and returned to the City, so that work on the wall could get started, stop-work orders would be issued. On October 17, 1995, after petitioner failed to return the executed license agreements and no work on the wall had started, the City issued a stop-work order covering each of the building permits. The stop-work order cites a violation of Kingston City Code and states that there had been false statements and misrepresentations submitted in petitioner's application for the permit(s).*

Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia,* to vacate the stop-work order. Supreme Court determined that petitioner failed to establish that respondents' acts were arbitrary and capricious or abusive behavior and, therefore, dismissed the petition. Petitioner appeals. Thereafter, petitioner moved for an order granting leave to reargue and renew. Supreme Court denied petitioner's motion, finding that petitioner had failed to show that the court had misapplied or misapprehended relevant facts or ignored a controlling principal of law; petitioner also appeals from the denial of that order.

We now affirm both orders. Initially, we reject petitioner's contention that respondents illegally and arbitrarily conditioned the issuance of the permit for the addition on the reconstruction of the retaining wall. The record reveals that there has been an ongoing attempt by the City to compel petitioner to rebuild her deteriorating retaining wall and, although she has expressed her willingness to repair or reconstruct the wall, she failed to commence work on the wall claiming that she was denied access to her adjoining neighbors' property. As of the date of the stop-work order, 39 days after the permit was issued, the construction of the fairly large addition was progressing rapidly and absolutely no work had been started on the wall. Notably, the record also reveals that the

---

* The parties have failed to include in the record a copy of that part of the Kingston City Code which contains the section allegedly violated.

westerly side of the foundation of the existing residence and the foundation of the new addition lie approximately 18 to 20 feet from the deteriorating retaining wall which runs approximately 300 feet in length along petitioner's parcel.

In our view a municipality may set reasonable conditions to its issuance of a building permit as long as there is some relationship between the project proposed by the applicant and the situation sought to be remedied. While the authority of municipalities to impose conditions is not unlimited, a zoning board of appeals may impose reasonable conditions which relate to the proper objectives of zoning, i.e., the health, safety and welfare of the community; said conditions "must be directly related to and incidental to the use of the land" (2 Anderson, New York Zoning Law and Practice § 23.55, at 246-247 [3d ed]; *see, Matter of Triphammer Dev. Co. v Board of Trustees,* 154 Misc 2d 369, 374-375). We conclude that in the instant case there is a legitimate link between the construction of the residential addition and the reconstruction of the deteriorating retaining wall.

Next, we find petitioner's claim that she is being prevented from building the retaining wall because of the City's failure to secure a 20-foot permanent easement for petitioner from the adjoining landowners to be unpersuasive. RPAPL 881 states, in pertinent part, as follows: "When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules." It is clear from the record that petitioner has refused to exercise her statutory right to gain access to the retaining wall; she continues, however, to attempt to shield herself by alleging that she has been denied adequate access because of the City's alleged failure to live up to a commitment which is not supported by the record. Any efforts made by the City to assist petitioner in obtaining access to the lands adjoining her wall were good-faith efforts to get the project moving and, in light of RPAPL 881, the City's failure to succeed in its efforts should not relieve petitioner from her commitment to rebuild the wall. Petitioner does not need the elaborate 20-foot permanent easement which she contends is necessary to reconstruct and to maintain her wall.

Further, in our view petitioner's reliance on *Matter of Pokoik*

*v Silsdorf* (40 NY2d 769) is misplaced. Here, respondents have neither acted in a dilatory manner nor in bad faith; moreover, the record does not support a finding that respondents' actions were based upon petitioner's previous adjudication of guilt in Kingston City Court for violating a directive of the respondent Building Inspector concerning her alleged failure to repair the retaining wall. Rather, respondents' actions were based upon petitioner's failure to commence, in a timely fashion, the repair of the retaining wall prior to, or at least in conjunction with, the erection of the addition.

The action of a building inspector in determining whether or not an applicant is entitled to issuance of a building permit or in the issuance of a stop-work order is discretionary and quasi-judicial in nature (*see, City of New York v 17 Vista Assocs.*, 84 NY2d 299; *see also,* 12 NY Jur 2d, Buildings, Zoning and Land Controls § 42, at 88). We may not substitute our judgment for that of respondents if the determination is rationally based and not arbitrary and capricious (*see, Matter of Sasso v Osgood*, 86 NY2d 374; *Matter of M & M Partnership v Sweenor*, 210 AD2d 575). Based upon our foregoing analysis and under the circumstances of this case, we find no reason to disturb Supreme Court's judgment and order.

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, without costs.

