■ In the Matter of GANCO, INC., Respondent, v CITY PLANNING BOARD OF CITY OF BUFFALO et al., Appellants. [665 NYS2d 150] —Judgment unanimously reversed on the law without

costs, petition denied and cross petition granted. Memorandum: Petitioner received a building permit to construct a 72-foot by 79-foot building to cover metal racks used to store boats. The permit was approved by respondent Common Council of the City of Buffalo (Common Council) pursuant to its authority to review building permits in the Buffalo Coastal Special Review District (*see,* City of Buffalo Code § 511.67 [A] [1]). Petitioner did not follow the plans approved in the building permit. Harold Gantzer, the sole owner of petitioner, submitted an application for an amended building permit to conform to the conditions of the structure as built. The Common Council denied the application and petitioner commenced this proceeding alleging that the denial was arbitrary and capricious. A hearing was held on the petition, and experts for respondents testified that there were numerous electrical code violations throughout the property, as well as structural deficiencies that rendered the building unsafe. Instead of the dimensions stated in the permit, the building was over 300 feet by 100 feet. Respondents' expert testified that the footers were only two feet below grade, while common practice in Western New York is to put foundations a minimum of four feet below grade to protect the foundations from frost upheaval. A member of the Common Council testified that she voted to deny the application because she believed that to grant the permit would be a threat to the integrity of the permit process. She further testified that the building had a negative impact on the stability of the area and the economic viability of waterfront development because of its appearance, size and aesthetics, the irregular type of materials used, and the electrical deficiencies.

Supreme Court granted the petition and ordered the Common Council to issue an amended building permit containing various conditions. That was error.

The testimony of respondents' experts provides a rational basis for the decision of the Common Council (*see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231; *see also, Matter of Canisius Coll. v City of Buffalo,* 217 AD2d 985, 986, *lv denied* 86 NY2d 709). Petitioner contends that respondents' action is arbitrary and capricious because employees of the City of Buffalo generally encourage the filing of amended building permit applications to conform to conditions in buildings when completed. That contention is not supported by the record, and petitioner has failed to establish that respondents have reached different conclusions "on essentially the same facts" (*Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 517; *see, Matter of Knight v Amelkin,* 68 NY2d 975, 977). Nor

is there merit to petitioner's contention that respondents are estopped from denying the application because various City employees inspected the building during construction and did not object. Estoppel does not apply to preclude a municipality from enforcing the provisions of its zoning ordinance (*see, Matter of Rosbar Co. v Board of Appeals*, 53 NY2d 623; *see also, Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047).

By cross petition (denominated counterclaim), respondents sought an order "to raze the building to bring the building in compliance with applicable laws". Presumably, that request contemplates a directive to have the building demolished and reconstructed in accordance with the original building permit. Respondents' expert identified, among other electrical and structural deficiencies, missing diagonal bracing and roof-level bracing, improper column sizing, and missing column struts, column bolts, interior columns, bottom channels to brace the building and intermediate columns with relation to girth span. Additionally, the footers are only two feet deep. Under those circumstances, we direct petitioner to demolish the building and, if it be so advised, that it construct a building in conformity with its building permit (*see, Scott v Manilla*, 163 AD2d 901, 902, *lv dismissed* 76 NY2d 983). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—CPLR art 78.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.