■ GREATER JOHNSTOWN SCHOOL DISTRICT, Appellant, v FRONTIER INSURANCE COMPANY, INC., et al., Respondents. [675

NYS2d 212] —Peters, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered February 6, 1997 in Fulton County, upon a decision of the court in favor of defendants, and (2) from the judgment entered thereon.

In February 1992, defendant C.G. Tanner & Sons, Inc. (hereinafter Tanner), a paving contractor, received a bid package from plaintiff which included drawings and specifications of proposed work to be performed at Knox Junior High School in the City of Johnstown, Fulton County. After the release of the original project specifications to all prospective bidders but prior to the award of the contract, plaintiff's architectural firm, Sargent, Webster, Crenshaw and Folley (hereinafter SWCF) issued two addenda. In March 1992, plaintiff awarded the site work and paving contract to Tanner as the lowest bidder. Pursuant to all applicable bid and contractual requirements, which incorporated the project specifications governing the paving and surfacing portion of this project, Tanner posted a performance bond issued by defendant Frontier Insurance Company, Inc.

In February 1994, following premature deterioration, plaintiff discovered that Tanner had not installed a foundation course prior to its completion of the paving portion of the project. Plaintiff therefore withheld the remaining moneys it owed to Tanner and in August 1994 commenced this breach of contract action against both Tanner and Frontier. After a trial in August 1996, wherein the parties stipulated to certain facts and exhibits, Supreme Court dismissed the complaint by finding that one of the addenda issued after the release of the project specifications but before acceptance of any bids deleted the requirement in the contract that a foundation course of pavement be installed. It further found that plaintiff waived any provisions of the contract between it and Tanner which might have required the installation of the foundation course and that, due to its actions, plaintiff was estopped from pursuing its challenge. Plaintiff appeals.

Noticeably absent from Supreme Court's findings is a determination that the contract provisions and/or the various addenda are ambiguous. Hence: "The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court, as is the inquiry of whether the writing is ambiguous in the first instance * * *. In the interpretation process, the objective is to determine the parties' intention as derived from the language employed in the contract * * *. In this regard, a court is duty-bound to adjudicate the parties' rights according to unambiguous provi-

sions and give words and phrases employed their plain meaning" (*Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747 [citations omitted]). Agreeing that the documents before the court were unambiguous, we note that the parties do not dispute that the original project specifications required that a foundation course be installed and that there are approximately five references to such requirement in the specifications.

The issue thus distills to whether this requirement was deleted by the addenda issued by the architect prior to the award of the contract. In support thereof, Clayton Tanner, president of Tanner, was permitted to testify, over plaintiff's objection, that on some unspecified date prior to submitting a bid he telephoned the SWCF Albany office and opined, to an unidentified individual, that the contract requirement for a foundation course of asphalt was not necessary. He further testified that the unidentified person agreed with his assessment and indicated that he would either be contacted or an addendum would be issued. When addendum No. 1 was issued, informing all prospective bidders that they must "[d]elete all reference[s] to 'Type I asphalt pavement' " and as well as "the words 'Type II' where ever they occur" in the original specifications, Tanner testified that he believed that the addendum was issued as a result of his conversation with the unknown SWCF representative. Accordingly, Tanner's bid did not include the cost of the foundation and none was laid.

Upon our review of the record and acknowledging the deference which should be accorded to the trial court's assessment of credibility issues (*see, Hoover v Durkee*, 212 AD2d 839, 841), we find that we must credit the testimony of Donald Van Cott, the project administrator for SWCF, over that of Tanner and the unidentified SWCF representative (*see, id.*). Van Cott testified that he was the only person fully familiar with the project specifications prior to the award of the contract and that all specific inquiries would have gone to him and not anyone else in SWCF's office. He further testified that he received no inquiries from Tanner or anyone else with respect to such deletion of the foundation requirement. Finally, by the instructions to bidders at section 13A, it was clear that "[n]o interpretations of the meaning of the drawings, specifications, or other Contract Documents will be made to any bidder orally".

Moreover, the language of addendum No. 1, in light of the contract provisions, makes it clear that the language did not delete the foundation course requirement in the other five references in the contract and that the subsequently issued addendum No. 2 clearly preserved a reference to placing a surface

course over the foundation course. Notably, the diagram of the layered asphalt pavement, showing the inclusion of a foundation course, was never amended. Since we find it clear that the parties' intention as derived from the language employed in the contract was to have an asphalt foundation course provided for and that the addendum subsequently issued merely deleted the reference to the two different types of asphalt foundation courses by now categorizing them all as one type, there exists no support for Supreme Court's contrary interpretation of these unambiguous terms.

In so finding, we dismiss the claims of waiver or estoppel based, *inter alia*, upon the unidentified conversation with the SWCF representative as unavailing. To constitute a waiver, defendants were required to present adequate evidence of plaintiff's " ' "intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it" ' " (*City of New York v State of New York*, 40 NY2d 659, 669, quoting *Werking v Amity Estates*, 2 NY2d 43, 52, quoting Whitney on Contracts, at 273 [4th ed 1946]). Finding a failure to have sustained such showing, we note the clear contractual prohibitions against oral modification and the judiciary's strict enforcement thereof when dealing with public works contracts (*see, Gold & Son v A.J. Eckert, Inc.*, 246 AD2d 746; *Huff Enters. v Triborough Bridge & Tunnel Auth.*, 191 AD2d 314, *lv denied* 82 NY2d 655).

Further acknowledging that the defense of estoppel "should not be invoked against governmental entities in the absence of exceptional circumstances" (*Landmark Colony v Board of Supervisors*, 113 AD2d 741, 744), with no such circumstances presented here, there exists no basis to support Supreme Court's interpretation (*cf., Landmark Colony v Board of Supervisors, supra*; *see, England v Nettesheim*, 222 AD2d 825).

Hence, in finding that Tanner breached the contract by its failure to install the foundation course and that defendants have failed to sustain their burden to establish either a waiver or estoppel, Frontier became liable for the breach due to its issuance of the performance bond. Agreeing with Supreme Court that plaintiff submitted insufficient proof on the issue of damages, we hereby remit only such issue to the Supreme Court.

White, Spain and Carpinello, JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. I am of the opinion that the parties' conduct effected a waiver of the foundation course requirement. Notably, after construction commenced, two change orders were issued concerning the paving work to be done. Each referenced the thickness of two

courses of asphalt paving, namely the binder course and the top course, but neither mentioned the foundation course. In addition, Clayton Tanner testified that he thought a foundation course was unnecessary and, prior to the submission of his bid, related that fact to a representative of Sargent, Webster, Crenshaw and Folley who apparently agreed. He stated that, unlike the other courses, Sargent, Webster, Crenshaw and Folley did not require him to submit a mix of the foundation course for approval. Tanner also stated that he told Paul Marcais, plaintiff's clerk of the works, that the foundation course had been deleted from the specifications and that he did not include this requirement in his bid. He further stated that Marcais, who supervised the construction daily, did not direct him to install the foundation course during the course of the paving.

In my view, this proof is sufficient to establish that plaintiff intentionally relinquished its right to require that the foundation course be installed in accordance with the original specifications. Although this Court's scope of review is as broad as that of the trial court (*see, Patane v Romeo*, 235 AD2d 649, 650, *lv denied* 89 NY2d 813), and the majority has chosen to credit the testimony of Donald Van Cott over that of Tanner, I believe that deference to the credibility determinations of the trial court is appropriate under these circumstances (*see, Merritt Meridian Constr. Corp. v Old Country Iron Works*, 229 AD2d 661, 663). Because the record provides no compelling reason to disregard Supreme Court's credibility assessment (*see, Weaver v Acampora*, 227 AD2d 727, 728), and the change orders are indicative of the parties' intention to abandon the foundation course requirement, Supreme Court properly concluded that plaintiff waived its right to compel compliance with this condition. Therefore, I would affirm the order and judgment of Supreme Court.

Ordered that the judgment and order are modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as dismissed plaintiff's cause of action alleging breach of contract and found for defendants on the defenses of waiver and estoppel; judgment is rendered in favor of plaintiff on said causes of action and matter remitted to the Supreme Court for a trial on the issue of damages; and, as so modified, affirmed.