■ In the Matter of MARY MASSA, Appellant, v CITY OF KINGSTON et al., Respondents. CITY OF KINGSTON, Respondent, v MARY MASSA, Appellant. [728 NYS2d 533] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered February 9, 2000 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a building permit to construct a retaining wall, and (2) from an order of said court, entered June 9, 2000 in Ulster County, which, after a nonjury trial, ordered the demolition of an addition to defendant's home.

As explained in a prior decision of this Court, Mary Massa owns residential property in the City of Kingston, Ulster County (*Matter of Massa v City of Kingston,* 235 AD2d 947, *lv dismissed and denied* 89 NY2d 1065). In September 1995, the City of Kingston issued two building permits which allowed Massa to construct an addition to her residence (hereinafter the addition permit) and a retaining wall along the western

portion of her property (hereinafter the wall permit). The addition permit was issued on the express condition that Massa construct a retaining wall to replace the existing, deteriorating retaining wall, which had been the subject of contention between Massa, her neighbors and the City for several years. The addition permit explicitly stated that it could be withdrawn or a stop-work order could be issued if the new retaining wall were not constructed.

After Massa commenced construction on the addition, the City attempted to assist her by presenting her with three proposed license agreements that would provide access to the adjoining properties for the purpose of constructing the retaining wall (*id.*, at 947-948). Massa, however, refused to enter into the licensing agreements, arguing that the City was required to obtain an easement (*id.*, at 948). In October 1995, the City issued a stop-work order covering both permits because Massa had not begun to construct the wall.

Massa thereafter commenced a CPLR article 78 proceeding which sought, *inter alia*, to vacate the stop-work order. Supreme Court dismissed the petition, determining that Massa failed to prove that the City or its agent acted in an arbitrary, capricious or abusive manner, and denied Massa's motion for reconsideration. Massa appealed and this Court affirmed, concluding that the City properly conditioned the addition permit on the retaining wall being constructed contemporaneously (*id.*). Further, this Court concluded that the stop-work order was not issued in bad faith or in an arbitrary and capricious manner, and the City's failure to obtain an elaborate and unnecessary 20-foot easement did not prevent Massa from constructing the retaining wall because RPAPL 881 allowed Massa to seek a license to enter adjoining properties to construct the wall (*id.*, at 948-950).

Thereafter, in September 1997, the City commenced a civil action against Massa seeking fines for, *inter alia*, her failure to remedy the deteriorating retaining wall and seeking demolition of the addition to Massa's residence because most of its construction occurred after the City issued the stop-work order.[1] A nonjury trial in the City's civil action was held in mid-1999 before Supreme Court.

In October 1999, before Supreme Court rendered its decision

---

1. Subsequently, on December 10, 1997, Massa's husband pleaded guilty in Kingston City Court to the violation of failure to follow the directives of the building department—which stemmed from the continued construction of the addition after the stop-work order was issued—and paid a $5,000 fine in satisfaction of all charges filed against him and Massa.

in the City's action, Massa commenced another CPLR article 78 proceeding seeking an RPAPL 881 license to enter adjoining properties to construct the retaining wall, an order to compel the City to issue a new building permit to construct the wall and an order vacating the stop-work order on the addition to her residence once the wall is completed. Supreme Court dismissed the petition as "redundant and repetitive" because it raised the same issues that were already pending before the court in the City's action. Massa now appeals Supreme Court's judgment.

Supreme Court thereafter issued a written decision in the City's action, concluding that Massa had illegally constructed the addition in violation of City building codes as well as the stop-work order and the terms of the addition permit, and denied Massa's request for equitable relief, which would have excused her from building the wall. Supreme Court ordered that the addition be demolished, but declined to impose a per diem fine as requested by the City. Massa also appeals from this order, and this Court subsequently consolidated the two appeals.

Our review of the record confirms that Supreme Court did not abuse its discretion when it ordered the demolition of the addition, which was illegally constructed in violation of the October 1995 stop-work order, the City building code and the terms of the addition permit. Initially, we reject Massa's contention that since the October 1995 stop-work order prohibited her from taking any action with respect to rebuilding the retaining wall, the City should be estopped from claiming that she refused to complete that wall. Although the stop-work order did, as Massa contends, prohibit the continued construction of the addition (permit no. 9009) as well as the wall (permit no. 9010), the City never unreasonably withheld authorization to complete the wall. Notably, when Massa applied for a new building permit in 1999, the City attached conditions virtually identical to those imposed in 1995 which were found to be reasonable by this Court (id., at 948-949). Additionally, just two weeks after the Court of Appeals denied Massa leave to appeal from this Court's affirmance, the City issued Massa an order to remedy the "unsafe and dangerous" retaining wall within 21 days, essentially authorizing Massa to take appropriate action to remedy the defective condition of the wall and, in effect, superceded the previously issued stop-work order during the 21-day remediation period. The City did not initiate the civil action until the 21-day period expired.

Massa further argues that the remedy imposed by Supreme

Court is excessive because the addition "is in a permitted district, and it has been built in accordance with certified plans * * * and the structure is in compliance with the New York State Fire Prevention and Building Code." The City correctly asserts, however, that the evidence presented to Supreme Court established significant discrepancies between the 1995 conditionally approved plans and the structure that was actually constructed.[2] Furthermore, the only plans approved by the City were those submitted by Massa at the time that the addition permit was issued. Massa's amended plans, submitted to the City a month after it issued the stop-work order, were never approved and we find meritless her claim that because the City never challenged those plans until two years after they were submitted, the City is estopped—by laches—from claiming that the addition does not comply with the approved plans.

We afford great deference to Supreme Court's evaluation of the conflicting testimony in concluding, *inter alia*, that the addition as it presently exists is in violation of the City building code and does not conform to the approved plans, and that the existing, unrepaired retaining wall has compromised the integrity of the foundation of the illegally constructed addition. Moreover, the record supports the conclusion that the City did not unreasonably deny any of Massa's proposals—subsequent to the stop-work order—seeking permission to repair or replace the wall. Furthermore, in our view, ample record evidence exists—including photographs and testimony—to support Supreme Court's conclusion that a large percentage of the work on the addition was completed after the issuance of the stop-work order. Thus, the remedy fashioned by the court is appropriate.

Nor do we find Massa's argument that the City should be estopped from making certain claims to be persuasive. Estoppel is not recognized as a defense against a government entity " 'in the absence of exceptional circumstances' " (*Greater Johnstown School Dist. v Frontier Ins. Co.*, 252 AD2d 615, 618, quoting *Landmark Colony v Board of Supervisors*, 113 AD2d 741, 744) which are not present here. Moreover, the equities in this case are balanced in favor of the City primarily "because [Massa] proceeded with the work even though a stop-work or-

---

**2.** The record includes a March 1997 letter from the City's Assistant Corporation Counsel to Massa's counsel which details how the addition does not comply with the approved plans, including, *inter alia,* improper roof height, improper knee wall, improper ceiling height, improper chimney construction, improper windows and improper stairs.

der had been issued" (*Town of E. Hampton v Buffa*, 157 AD2d 714, 716). Even if the addition were—at its present state of completion—in full compliance with the approved plans and the building code, it was constructed in defiance of the stop-work order and it constitutes a hazard as long as it stands without an adequate retaining wall. Accordingly, the drastic remedy of demolition, under the circumstances of this case, is justifiable (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, *appeal dismissed and cert denied* 488 US 801; *City of New York v Falack*, 175 AD2d 853; *Town of E. Hampton v Buffa, supra*).

We also reject Massa's double jeopardy argument—alleging that her husband has already been prosecuted and fined in Kingston City Court for violating the stop-work order—as the principle of double jeopardy does not apply to this remedial, rather than punitive, proceeding (*see, Montgomery County Socy. for Prevention of Cruelty to Animals v Bennett-Blue*, 255 AD2d 705, 707). Moreover, Massa's husband is not a party to this action.

We do find some merit, however, in Massa's contention that Supreme Court erred in dismissing her CPLR article 78 petition. Supreme Court stated that the entire petition was "repetitive and redundant" because it raised the same issues that had been tried, but were not yet decided, in the City's civil action. Initially, we agree with the court that the issues related to the construction of the addition have been fully adjudicated in the civil action and, as such, are barred by principles of res judicata and collateral estoppel (*see, Matter of Schulz v New York State Legislature*, 278 AD2d 710). However, the remainder of this special proceeding raises entirely new issues concerning the retaining wall—and seeks related relief—which were not raised and could not have been raised in the civil action, including an application for an RPAPL 881 license to enter adjoining properties and an order lifting the stop-work order as it applies to the wall or, in the alternative, an order compelling the City to grant Massa a new building permit for the reconstruction of the wall based upon her 1999 application. Therefore, to this extent only, Supreme Court should not have dismissed the petition.

We have considered Massa's remaining contentions, including the significance of her husband's medical history, and find them to be without merit.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law and facts, without costs, by reversing so much thereof as dismissed

petitioner's application for RPAPL 881 relief and for an order lifting the stop-work order as it applied to the retaining wall or compelling respondents to grant a new building permit for the retaining wall, and, as so modified, affirmed. Ordered that the order is affirmed, without costs.