■ DARRYL DUNHAM, Appellant, v BROOME COUNTY, Respondent. [768 NYS2d 412]—

Peters, J. Appeal from an order and judgment of the Supreme Court (Hester, Jr., J.), entered April 18, 2003 in Broome County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff, a promoter, negotiated with Michael Marinaccio, manager of the Broome County Veterans Memorial Arena, for the rental of the arena from April 25-27, 2003. Ultimately, plaintiff was provided with a proposed lease agreement for such dates which contained a signature page providing for numerous signatures, including Terrence M. Kane, Deputy County Executive. Plaintiff signed a copy of the agreement and returned it to Marinaccio with the requisite deposit. Marinaccio signed it as facility manager and forwarded it to defendant's Department of Law recommending its approval.

On April 7, 2003, plaintiff was advised that the lease was not approved. Plaintiff commenced the instant action, along with an order to show cause, seeking, among other things, an order directing defendant to honor the lease agreement. After issue was joined, defendant successfully sought dismissal by summary judgment. Plaintiff appeals.

As the proponent of the motion for summary judgment, defendant annexed to Marinaccio's affidavit the section of defendant's Charter and Code (hereinafter the Code) which provides that there can be no short-term rental agreement for the arena without the signature of the County Executive. Marinaccio averred that he forwarded the agreement to the Department of Law which was obligated, if it approved, to submit it to the County Executive. Marinaccio maintained that he never told plaintiff that the agreement was approved; Marinaccio's signature was merely a recommendation for its approval. Jeffrey Kraham, the County Executive, confirmed that there could be no viable lease agreement without his approval or, in this case, Kane's approval, to whom he delegated such authority. Kane's affidavit confirmed that he never signed the proposed agreement.

With the burden now shifted to plaintiff (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), he contended that he was unaware of the relevant section of the Code and that regardless, the County Executive's signature approving the agreement should be deemed ministerial, especially in light of the considerable expense he had already incurred. While we disagree with plaintiff's proffered statutory interpretation due to

the Code's clear and unambiguous language, we note that plaintiff correctly contends that under exceptional circumstances, municipalities can be estopped from denying the existence of a contract (*see Matter of Massa v City of Kingston*, 284 AD2d 836, 839 [2001], *lvs denied* 97 NY2d 603 [2001]; *Greater Johnstown School Dist. v Frontier Ins. Co.*, 252 AD2d 615, 618 [1998]; *Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744 [1985]). Here, since the agreement clearly indicates that additional signatures were required for its approval, the approval process is a matter of public record (*see Maidgold Assoc. v City of New York*, 64 NY2d 1121, 1124 [1985]), and no basis exists for us to conclude that there was "misleading nonfeasance [which] . . . otherwise result[ed] in a manifest injustice" (*Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau, supra* at 744), no estoppel can be found.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order and judgment is affirmed, without costs.