BOARD OF TRUSTEES OF VILLAGE OF SACKETS HARBOR, Respondent, v SACKETS HARBOR LEASING COMPANY, LLC, Appellant, et al., Defendant. (Appeal No. 1.) [809 NYS2d 356]—

Appeal from an amended order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered May 18, 2004. The amended order, inter alia, granted plaintiff's motion for a preliminary injunction and granted plaintiff's motion for partial summary judgment on the cause of action seeking a permanent injunction.

It is hereby ordered that said appeal insofar as it concerns the motion for a preliminary injunction be and the same hereby is unanimously dismissed as moot and the amended order is affirmed without costs.

Memorandum: Sackets Harbor Leasing Company, LLC (defendant) appeals from an amended order that, inter alia, granted plaintiff's motion for partial summary judgment on the cause of action seeking a permanent injunction and directed defendant to remove docks installed in violation of the Village of Sackets Harbor Waterfront Management Law (WML). We conclude that

plaintiff met its initial burden on the motion by establishing as a matter of law that defendant failed to obtain the necessary permits for the construction of the new docks and, knowing that it lacked the authority to do so, nevertheless constructed them over a holiday weekend in an apparent attempt to avoid detection (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff further established as a matter of law that the construction of the docks was in violation of the WML with respect to, inter alia, its length and setback requirements.

We further conclude that defendant failed to raise an issue of fact to defeat plaintiff's motion (*see generally id.*). Although defendant contends that the Village of Sackets Harbor Planning Board (Planning Board) implicitly approved the construction of the docks by failing to mention them explicitly in its preliminary approval of the project on May 2, 2001, we reject that contention inasmuch as the WML expressly requires that any approval be "specific[ally]" stated in the Planning Board's decision. For the same reason, we reject defendant's further contention that plaintiff's challenge to the alleged approval of the Planning Board is untimely and that the court should have permitted defendant to depose members of the Planning Board before deciding plaintiff's motion. Also contrary to the contention of defendant, it did not merely change, alter or expand the preexisting docks but, rather, defendant demolished and replaced them with new docks, and thus the new docks cannot be deemed "nonconforming structure[s]" within the meaning of the WML. Any alleged statements by individual Planning Board members to the contrary "will not bind [plaintiff] . . . municipality to a course of conduct in violation of its own [local law]" (*Matter of Celani v Marconi* [appeal No. 2], 256 AD2d 1064, 1065 [1998], *lv denied* 93 NY2d 805 [1999]).

We also reject defendant's contention that, by "occasionally" discussing the docks, the Planning Board thereby afforded defendant "vested rights" to construct the new docks. Even assuming, arguendo, that the Planning Board had approved the docks in derogation of the WML, we conclude that the issuance of a building permit to defendant would not afford defendant immunity from the requirements of the WML, nor would it estop plaintiff from enforcing its local law or revoking the issuance of an illegal permit (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130-131 [1990]; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 281-282 [1988], *rearg denied* 71 NY2d 995 [1988], *cert denied* 488 US 801 [1988]; *Town of Putnam Val. v Sacramone*, 16 AD3d 669, 670 [2005]; *Matter of Ganco, Inc. v City Planning Bd. of*

*City of Buffalo*, 244 AD2d 932, 933-934 [1997]). "[T]he law is clear that those who deal with the government are expected to know the law, and cannot rely on the conduct of government agents contrary to law as a basis for 'manifest injustice' claims . . . . '[Individuals] must turn square corners when they deal with the Government' " (*New York State Med. Transporters Assn.*, 77 NY2d at 131). We conclude herein that "[t]he policy reasons which foreclose estoppel against a governmental entity in all but the rarest cases thus have irrefutable cogency in this case" (*Parkview Assoc.*, 71 NY2d at 282). Here, the record establishes that defendant constructed the docks after it was informed by plaintiff's attorney that it had no legal authority to do so (*see Matter of Massa v City of Kingston*, 284 AD2d 836, 839-840 [2001], *lv denied* 97 NY2d 603 [2001]; *City of New York v Falack*, 175 AD2d 853 [1991]). Finally, we note that the approval of defendant's plan by the Army Corps of Engineers to construct the new docks does not exempt defendant from the requirements of the local law (*see Matter of Haher's Sodus Point Bait Shop v Wigle*, 139 AD2d 950, 950-951 [1988], *lv denied* 73 NY2d 701 [1988]; *see also Matter of S.D. Off. Equip. Co. v Philbrick*, 247 AD2d 838, 840 [1998]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.