■ In the Matter of EMPORIUM MANAGEMENT CORP., Appellant, v CITY OF NEW YORK et al, Respondents. [995 NYS2d 126]—

In a proceeding pursuant to CPLR article 78, inter alia, to

compel the cancellation of two deeds to real property, both dated September 23, 2011, issued to Neighborhood Restore Housing Development Fund Corporation by the Commissioner of Finance of the City of New York, and to compel the Department of Finance of the City of New York to accept payment of the arrears in real property taxes and other charges against the real property conveyed by the two deeds, the petitioner appeals from a judgment of the Supreme Court, Kings County (Edwards, J.), entered October 19, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one bill of costs payable to the appellant by the respondents appearing separately and filing separate briefs, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the petition in accordance herewith.

The petitioner, Emporium Management Corp. (hereinafter Emporium), owned two parcels of real property in Brooklyn, located at 1462 East 105th Street and 21 Hinckley Place. Emporium failed to pay real property taxes on the parcels and, in 2008, the City of New York commenced a single in rem tax foreclosure proceeding addressed to both parcels. Emporium did not appear in the proceeding. However, it entered into installment agreements with the City's Department of Finance (hereinafter the DOF), pursuant to which it was required to pay the property taxes. Emporium defaulted on the installment agreements shortly thereafter. Accordingly, the in rem tax foreclosure proceeding was litigated to judgment, and the City obtained a judgment of foreclosure with respect to both parcels, which was entered on December 20, 2010.

In July 2011, Emporium entered into new installment agreements with the DOF. The initial payments were due on October 1, 2011. However, when Emporium timely attempted to make its initial payments, it learned that the new installment agreements had been canceled in August 2011 at the insistence of the City's Department of Housing Preservation and Development (hereinafter the DHPD). Emporium further learned that, as of September 23, 2011, the parcels of real property had been conveyed to Neighborhood Restore Housing Development Fund Corp. (hereinafter Neighborhood Restore), a not-for-profit corporation that acts as an interim owner of real property, and facilitates the transfers of properties deeded to it by the Commissioner of Finance to qualified third parties designated by the DHPD.

Thereafter, Emporium commenced this CPLR article 78

proceeding against the City, the DOF, and the DHPD (hereinafter collectively the city respondents), as well as Neighborhood Restore, seeking, inter alia, to compel the cancellation of the deeds and to compel the DOF to accept arrears in real property taxes that had accrued. It alleged, among other things, that the city respondents were equitably estopped from denying the validity of the installment agreements entered into in July 2011, that it never received notice that the in rem foreclosure proceeding had been commenced or that the judgment of foreclosure had been entered, and that, based on certain language in the deeds, the transfer of the subject parcels of real property to Neighborhood Restore violated the terms of the judgment of foreclosure, as well as the New York City Administrative Code. The Supreme Court addressed only the equitable estoppel issue, and, upon concluding that the doctrine was inapplicable under the circumstances of this case, denied the petition and dismissed the proceeding. Emporium appeals.

Initially, we note that the Supreme Court erred in failing to address the merits of the remaining branches of the petition on the ground that those issues were not properly prosecuted pursuant to a CPLR article 78 proceeding. Instead, the court should have converted the remaining claims into an action (see CPLR 103 [c]; *Matter of Miller v Lakeland Fire Dist.*, 31 AD3d 556, 557 [2006]; *Matter of Sagamore Auto Body v County of Nassau*, 104 AD2d 818, 819-820 [1984]), and considered the merits of those claims in the course of the litigation. Accordingly, the court is directed to do so upon remittal (see *Matter of Michelson v State of N.Y. Pub. Serv. Commn.*, 133 AD2d 906, 908-909 [1987]; see also *Matter of Razzano v Remsenburg-Speonk UFSD*, 95 AD3d 1335, 1337 [2012]).

With respect to Emporium's equitable estoppel claim, "[a]lthough estoppel should not be invoked against governmental entities in the absence of exceptional circumstances, we have not hesitated to do so where a municipality's misleading nonfeasance would otherwise result in a manifest injustice" (*Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d 741, 744 [1985] [citation omitted]). "To establish estoppel, the misconduct of the public agency must have induced justifiable reliance by a party who then changed his position to his detriment" (*Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224, 238 [2010]; see *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d at 744).

The city respondents contend that the DOF employee who

entered into the installment agreements with Emporium in July 2011 was not authorized to do so, because, inter alia, Emporium's deadline for requesting the opportunity to enter into such installment agreements had passed, and Emporium had previously defaulted on installment agreements entered into in 2008. Accordingly, they argue that they are not bound by the installment agreements (*see Carson v New York City Dept. of Sanitation*, 271 AD2d 380, 380-381 [2000]). We agree.

However, the competent evidence in the record reflects that, as of July 2011, Emporium was not aware that it was not entitled to enter into installment agreements. The record further reflects that, in the first week of August 2011, the DHPD became aware of the DOF's error in entering into the installment agreements, that the DHPD then demanded that the DOF cancel the installment agreements, and that the installment agreements were canceled on August 16, 2011, but that the city respondents never informed Emporium prior to October 1, 2011, that the installment agreements had been canceled.

The city respondents' failure to contact Emporium once it determined that the installment agreements would not be honored constitutes misleading conduct (*see La Porto v Village of Philmont*, 39 NY2d 7, 12 [1976]; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d at 668; *Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau*, 113 AD2d at 743-744). Moreover, the city respondents maintained their silence during a period of time when action could have made a difference to Emporium (*cf. Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2010]). Had the city respondents notified Emporium on August 16, 2011, of the cancellation of the installment agreements, Emporium would have had the opportunity—up until September 23, 2011, the date on which the Commissioner of Finance deeded the properties to Neighborhood Restore—to seek discretionary relief from the City, notwithstanding the fact that more than four months had passed from the date of entry of the judgment of foreclosure (*see* Administrative Code of City of NY § 11-424 [g]). Had such relief been granted, Emporium could have redeemed its properties upon payment in full of the tax arrears and other fees (*see id.*).

Although the city respondents insist that any contention that Emporium would have redeemed its parcels of real property by paying the arrears in full is implausible on its face, they ignore the fact that, in accordance with the terms of the installment agreements, Emporium attempted to make a timely installment payment in October 2011, but was rebuffed because the parcels had already been transferred.

An issue of fact exists as to whether Emporium was ready, willing, and able to pay its real property tax arrears in full before its parcels were deeded to Neighborhood Restore, and changed its position to its detriment due to the city respondents' unwarranted silence (*see Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773, 776 [1994]). Accordingly, in the event that, upon remittal, the Supreme Court's determinations with respect to Emporium's remaining claims do not afford Emporium complete relief, Emporium is entitled to a hearing with respect to its contention that the city respondents are equitably estopped from denying it the opportunity to seek discretionary administrative relief in connection with the payment and acceptance of tax arrears (*see* CPLR 7804 [h]). If it prevails, Emporium is entitled to seek the same discretionary relief from the City pursuant to Administrative Code of the City of New York § 11-424 (g) that it could have sought in August or September 2011 had the city respondents then informed it of the tender of the deeds to Neighborhood Restore (*see Matter of 1555 Boston Rd. Corp. v Finance Adm'r of City of N.Y.,* 61 AD2d 187, 191-192 [1978]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.