■ In the Matter of PLATINUM TOWING, INC., Appellant, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, Respondent. [9 NYS3d 226]—

Order and judgment (one paper), Supreme Court, New York County (Peter H. Moulton, J.), entered March 11, 2014, insofar as appealed from as limited by the briefs, denying the petition for an annulment of a determination of respondent Department of Consumer Affairs (DCA), dated July 8, 2013, which restricted petitioner's participation in the Directed Accident Response Program (DARP) to the single DARP zone in which its business is located, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DCA's determination limiting petitioner's DARP participation to the zone in which its business is located is rationally based in the record and not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). In January 1995, DCA amended the DARP rules to limit towing companies to participating only in the DARP zone in which their business was located (*see* 6 RCNY 2-371 [c]; 2-374 [a]). Under a "grandfather" exception, however, DCA permitted companies that had been authorized to participate in multiple DARP zones to continue to participate in those

zones. In 2001, petitioner filed a license application on the basis of a name change, i.e., from Verrazano Auto Collision, Inc., an existing licensee with grandfathered multiple DARP zone status. However, the record demonstrates that petitioner was not Verrazano with a new name, but a new corporate entity; thus, it did not succeed to Verrazano's grandfather status. Even assuming that petitioner had succeeded to Verrazano's grandfather status, that would not avail it, since the transfer of 100% ownership in petitioner from Verrazano's principal to petitioner's principal, in two transactions in 2002 and 2003, was effected without DCA's prior written approval (*see* Administrative Code of City of NY § 20-110).

Petitioner's arguments notwithstanding, this is not one of those "rarest cases" in which an estoppel is applicable to a local government agency (*see Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]). The risk of fraud in subjecting DCA to the defense of estoppel is readily perceived. Nor has petitioner shown misconduct on DCA's part to support an estoppel based on "misleading nonfeasance" (*see Matter of Emporium Mgt. Corp. v City of New York*, 121 AD3d 981, 983 [2d Dept 2014] [internal quotation marks omitted]). Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.